John D. Bennett, S.
This is an application for a certificate of letters of administration, which involves a question as to the status of the County Treasurer as administrator, on which question there appears neither direct statutory provision nor decision directly in point.
On June 23, 1960, H. Bogart Seaman, then County Treasurer of Nassau County, was appointed administrator of this estate. On January 11, 1962, Mr. Seaman’s term of office as County Treasurer expired, and on February 5, 1962, Mr. Seaman, by his attorneys, requested a certificate of letters of administration in this estate.
On February 6, 1962, this court issued a decision in which it held that the present County Treasurer, Hon. Bene A. Carreau, was interested in this matter, and directed that he be brought into this application. Subsequently, on February 9, 1962, Mr. Carreau, by his attorney, filed a notice of appearance in which he opposed the issuance of the certificate of letters to Mr. Seaman and asserted that he, Mr. Carreau, should be appointed successor administrator of this estate, and that he would petition for such appointment if the application of Mr. Seaman were *1073 denied. The application was submitted for determination, and both sides have submitted memoranda of law.
The attorneys for Mr. Seaman contend that once appointed administrator of a decedent’s estate, a Nassau County Treasurer continues to act as such administrator until he has completed the administration of the estate, even after his term of office as County Treasurer has expired. The court is unable to concur with this position. There are no decisions which this court has found on this point regarding a county treasurer. However there is a decision of the Surrogate’s Court of Suffolk County, rendered June 27, 1955, applicable to a public administrator, which holds that upon the expiration of his term and the appointment and qualification of his successor, the former public administrator becomes functus officio, and has no further rights to administer the assets of any estate previously under his supervision in his official capacity (Matter of Krabbe, 208 Misc. 197). The principles therein stated, in the opinion of this court, apply with equal validity to a county treasurer.
The attorneys for Mr. Seaman point out that there are certain differences between a public administrator and a county treasurer. The fundamental distinction is that the county treasurer must apply for letters in every estate, while the public administrator may act under certain circumstances without letters. Tymon v. Cromwell (2 Dem. 650) cited in the brief submitted by Mr. Seaman, uses the terminology that the public administrator acts virtute officii, while the county treasurer is descriptio persones only. Such terminology applies solely to the peculiar facts of that case, where application was made by the County Treasurer in his individual name, on the consent and request of relatives entitled to letters. Generally, letters of administration are issued to the county treasurer in his official capacity, and not to the individual who happens to hold the office at that time. In fact the application of Mr. Seaman to replace the deceased Mr. Hedger in the Matter of Ermans (Nassau County file No. 48412, June 23,1947), specifically states that Harry L. Hedger, by virtue of his office as County Treasurer, was appointed administrator of that estate, and that petitioner therein prays that he be appointed administrator by virtue of his office as County Treasurer in place and stead of the former County Treasurer, Harry L. Hedger, now deceased.
The attorneys for Mr. Seaman also point out that under section 118 of the Surrogate’s Court Act, the public administrator has an absolute right, under paragraph (a) of subdivision 6 to appointment over those mentioned in paragraph (c) of subdivision 6, while the appointment of the county treasurer under *1074 paragraph (b) of subdivision 6 is discretionary with the Surrogate as to those mentioned in paragraph (c) of subdivision 6. A third distinction called to the attention of the court is that a county treasurer keeps his commissions as administrator while a public administrator, who is paid a salary, turns his commissions over to the county.
In the County of Westchester, the statute confers on the public administrator, 4 4 All provisions of law conferring jurisdiction, authority or power on a county treasurer relating to the office of public administrator” (Surrogate’s Ct. Act, § 124, subd. 5, par. [a]). A similar provision exists as to Suffolk County (Surrogate’s Ct. Act, § 125-a, subd. 5). In section 120 of the Surrogate’s Court Act, special provision for service of citation is made applicable to public administrators and county treasurers without distinction.
Textbook writers generally stress the similarity of public administrators and county treasurers. For example, Jessup-Redfield, Surrogates’ Law and Practice ([Rev. ed.j, vol. 2, § 1516, p. 736) states: 44 County treasurers follow closely the rules governing administrators private and public * * * They may act when circumstances would permit a public administrator to act. ’ ’
The attorneys for Mr. Seaman call the attention of this court to some dozen cases in this court where the court permitted a Nassau County Treasurer to complete the administration of cases after his treasurership had ended. Some of these cases involve accountings. As pointed out, the court in Matter of Krabbe (208 Misc. 197, supra) permitted the accounting proceeding of the former public administrator. Similarly, since a fiduciary may be personally liable for taxes, a former county treasurer would have the right in appropriate cases to bring on a tax proceeding to relieve himself of such liability. All the cases cited, except one, would in the opinion of this court be justified and proper as the accounting of the former county treasurer for what he did while acting as a fiduciary.
The one case not in these categories is Matter of Dittmeyer (Nassau County file No. 22223), which was a proceeding to sell real estate. In that case the authority of the former County Treasurer to act was not questioned. The sale involved a total of $300, and it may be that there was some arrangement or understanding permitting the completion. In any event, the court feels that this isolated incident is insufficient to serve as any authority that the county treasurer may continue to act as an administrator after expiration of his term of office. Letters of administration are issued to the County Treasurer of Nassau *1075 County in Ms official capacity, and not to the individual who happens to hold such office at a given time.
This court therefore denies, under the circumstances of this case, the application of H. Bogart Seaman for a certificate of letters of administration in this estate.
This court is of the opinion that a former County Treasurer is without authority to act as administrator after his term of office has expired in any matter involving the collection or liquidation of assets of the estate, the payment of claims against the estate, or similar acts involving the management of such estate. However, the court believes that the former County Treasurer has the right and duty to account for his acts as fiduciary while he was properly acting in such capacity, and to bring an estate tax proceeding in appropriate cases for his acts while such fiduciary, even though such accounting or tax proceeding is commenced after his term of office. The former County Treasurer also has the right and duty to turn over assets in his possession belonging to an estate, either to the successor fiduciary where further administration is necessary or, where the administration has been completed, to the proper person or depository.