F. Warren Travers, S.
In this proceeding for a judicial settlement, the court is asked to pass on the question of whether a County Treasurer who is appointed administrator of an estate shall be allowed to collect and keep the commissions as an administrator in addition to the salary he receives as County Treasurer.
Henry F. Peetz, decedent herein, died on October 14, 1971 a resident of Rensselaer County, survived by no known heirs. Letters of Administration were granted on November 11, 1971 to Edward W. Pattison, Rensselaer County Treasurer.
Mr. Pattison’s term of office as County Treasurer expired on December 31, 1974. He continued, however, to serve as administrator of this estate and by petition filed on March 6, 1975, Mr. Pattison requested this court to judicially settle his accounts as administrator, stating that all known claims have been paid except for commissions to petitioner and the balance of legal services due the attorney for the estate and an allowance on judicial settlement.
Notice of appearance by the Attorney-General of the State of New York was filed herein on March 18, 1975 on behalf of unknown heirs. On the return day of the citation, April 15, 1975, the County Attorney of Rensselaer County appeared on behalf of the County of Rensselaer and James W. Van Auken, its Chief Fiscal Officer.
The County Attorney, Marvin I. Honig, stated that Mr. Van Auken, the successor to Mr. Pattison in what was formerly the office of Rensselaer County Treasurer, seeks to be substituted as the public administrator by virtue of the fact that he *892 "now holds office as the Chief County Fiscal Officer”, secondly, the Chief Fiscal Officer would assert a claim for commissions as county moneys.
The County Attorney was granted leave to submit a petition, claim or any other appropriate legal papers to support his position on the matter. The court requested Mr. Honig to submit a brief or memorandum of law by April 22, 1975.
On April 22, 1975, the County Attorney filed a petition and claim stating that James W. Van Auken is "exercising the duties of the County Treasurer pursuant to Section 6.01 of the County Charter.” He filed no brief or memorandum of law.
The petitioners, James W. Van Auken and the County of Rensselaer, contend in their petition that, in the event the court allows commissions to be paid to Edward W. Pattison "as Public Administrator”, such commissions are the property of the County of Rensselaer and should be paid to the Chief Fiscal Officer for deposit to the treasury of said county by virtue of section 201 of the County Law.
Although the County Attorney stated orally in court on April 15, 1975, that Mr. Van Auken "seeks to be substituted as the Public Administrator”, the petition and claim as filed on April 22, 1975 do not request this substituting, but confine the relief sought to a determination that if commissions are allowed, they belong to and should be paid to the County of Rensselaer.
Owen D. Connolly, Jr., attorney for Edward W. Pattison, filed an answer citing SCPA 1219 and asking: (1) that the petition of James W. Van Auken and the County of Rensselaer be dismissed; (2) that the accounts of said Edward W. Pattison be judicially settled; (3) commissions of $733.45 be allowed to the administrator.
Section 201 of the County Law reads, "Notwithstanding the provisions of any general law other than this chapter or of any special law to the contrary, each board of supervisors shall fix the salary of all officers paid from county funds, except the members of the judiciary. Such salary shall be in lieu of all fees, percentages, emoluments or other form of compensation payable for services rendered in the performance of the powers and duties of the office”.
SCPA 1219 states, "A chief fiscal officer of a county appointed administrator of an estate shall qualify in the manner prescribed in 708 of this act, shall be vested with all the *893 powers and rights of an administrator and be subject to the same duties and obligations and shall be allowed the same commissions as an administrator, which commissions shall be in addition to the salary and fees now allowed by law to such chief fiscal officer. He may employ an attorney to act for him as such administrator other than the one, if any, appointed to act as the county attorney or the official attorney of such chief fiscal officer.”
The Attorney-General of the State of New York filed a brief in which he takes a position that SCPA 1219, is controlling and that commissions should be allowed to the administrator, "which commissions shall be in addition to the salary and fees now allowed by law to such chief fiscal officer”.
On the adjourned date, the County Attorney waived the right to file a brief and asked the court to decide on the pleadings submitted.
The court, then, is not faced with making a determination of whether the Chief Fiscal Officer can or should be substituted in place of the former County Treasurer.
Although there is no challenge to Mr. Pattison continuing to act as administrator after his term of office as County Treasurer has expired, the court notes that in a situation such as the one now being considered, it is justified and proper for a former County Treasurer to file an account for what he did while acting as a fiduciary. (See Matter of Williams, 32 Misc 2d 1072.)
In light of the foregoing, are the administrator’s commissions payable to the former County Treasurer or are they to be paid over to the County of Rensselaer?
Since the statutes appear to be in conflict, and since there are no cases in which this issue is raised directly, the court must endeavor to learn what the Legislature intended in enacting these statutes.
In so doing, the court will be guided by rules of construction, keeping in mind that it is the duty of the court "to bring sense out of the words used, and not to bring a sense into them.” (Meltzer v Koenigsberg, 302 NY 523; see, also, McKinney’s Cons Laws of NY, Book 1, Statutes, ch 6.) The court will also consider a case in Nassau County which has to do with the County Treasurer acting as administrator. In County of Nassau v Bennett (35 Misc 2d 586) the court passed upon the constitutionality of section 125-b of the Surrogate’s Court *894 Act, which created the office of Public Administrator in Nassau County. In so doing, the court at Special Term in considering the effect of creation of this office upon the incumbent County Treasurer’s salary, stated (p 589) "After his appointment section 123 of the Surrogate’s Court Act confers on him [the County Treasurer] the same powers and rights of other administrators and allows him to keep the fees earned in addition to his salary as County Treasurer.”
That court held one subdivision of the act unconstitutional, which purported to make the Public Administrator the automatic and immediate successor of the County Treasurer as administrator of any and all estates whereof the Surrogate has heretofore appointed the County Treasurer, since it contravenes the constitutional prohibition against any local bill decreasing fees, percentages or allowances of public officers during their term of office.
The court went on to say (pp 592-593), "Although there is a strong presumption in favor of constitutionality, there would seem to be no gainsaying the fact that in making no provision for payment of fees already earned, that the new act deprives plaintiff of fees, percentages or allowances and the Surrogate has correctly held I think in Matter of Williams (32 Misc 2d 1072), that these appointments, once they are made, are an attribute of the office and not of the incumbent personally.
"I think this is also true, though with less force, of the fees as a whole in pending incompleted estates where plaintiff has already been appointed, since short of some misconduct on his part, or this very act, plaintiff could not have these fees taken away from him.”
While the construction of statutes is for the court, judicial construction is often aided by the way a statute is interpreted or understood by public officers.
The court notes that the Comptroller of the State of New York in an opinion (6 Opns St Comp, 1950, p 216) reports on an inquiry pertaining to the compensation of County Treasurers under the "new County Law, which with certain exceptions becomes effective on January 1, 1951.”
In rendering that opinion, the Comptroller stated, "Under the above provisions of the new County Law the county treasurer * * * would * * * continue to be entitled to retain for his own use the fees received by' him pursuant to section 123 of the Surrogate’s Court Act [now SCPA 1219], since these *895 fees are not received by him in his capacity as county treasurer. ” (Emphasis supplied.)
Compare Matter of Williams (supra) in which Surrogate Bennett takes the position that "Letters of administration are issued to the County Treasurer * * * in his official capacity, and not to the individual who happens to hold such office”.
The court in Matter of Williams, however, did not pass on the question of whether administrator’s commissions are to be paid to the County Treasurer for his own use or to the County Treasurer for deposit to the credit of the county.
Section 397 of McKinney’s Statutes states, "A special act which is in conflict with a general statute covering the same subject matter controls the case, and the general law is repealed insofar as the special act applies. * * * In other words, a special statute prevails over a general statute in the locality to which it applies.”
The language of section 201 of the County Law, however, states, "Notwithstanding the provisions of any general law other than this chapter or of any special law to the contrary” (emphasis supplied).
Thus, although we have a special act (SCPA 1219) which would seem to control and take precedence over the general law (County Law, § 201), what is to be done with the language "Notwithstanding any special law to the contrary”?
The court relies on the fact that the Legislature is presumed to know all of the existing laws. In other words, every statute is to be considered with reference to the general system of laws of which it forms a part. It is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy and was intended to be consistent in its several parts.
The language of SCPA 1219 is quite clear in stating that the County Treasurer (or Chief Fiscal Officer by virtue of the 1971 amendment) shall be allowed the same commissions as an administrator, which commissions shall be in addition to the salary and fees now allowed by law.
It is significant that the Legislature reviewed SCPA 1219 in 1971 and substituted the words "Chief Fiscal Officer” for the words "County Treasurer”, yet saw no reason to address itself to the seeming conflict contained in section 201 of the County Law.
It is not for the court to determine as a matter of policy *896 whether such commissions should be paid over to the administrator personally or paid over to the county. It is the duty of the court to discern the policy expressed by the Legislature in enacting these statutes.
The court finds that on the issue presented for consideration SCPA 1219 is controlling.
Accordingly, the petition of James W. Van Auken, Chief Fiscal Officer, and the County of Rensselaer is dismissed. The petition of Edward W. Pattison for the judicial settlement of his accounts as administrator is granted and commissions in the amount of $733.45 are approved and the same shall be paid to the administrator.