■ WILLIAM CHERRY, as Administrator of the Estate of THERESA M. YOUMANS, Also Known as THERESA M. HESS, Deceased, Respondent, et al., Plaintiffs, v ROGER H. MALLERY, Appellant. [721 NYS2d 144] —Rose, J. Appeal from an order of the Supreme Court (Hughes, J.), entered December 1, 1999 in Schoharie County, which partially denied defendant's motion to dismiss the complaint for failure to state a cause of action.

In 1992, Surrogate's Court issued letters of administration in the estate of Theresa M. Youmans (hereinafter decedent) to the Schoharie County Treasurer, Lawrence Tague, as public administrator. Tague thereafter retained defendant, an attorney, to represent him as fiduciary of the estate. On March 11, 1996, after the filing of an accounting by Tague, Surrogate's Court entered a decree closing the estate. In June 1996, Tague was arrested for, and subsequently convicted of, various felonies including grand larceny for his theft and misappropriation of funds from decedent's estate as well as from two others for which he was fiduciary. As a result, Surrogate's Court reopened decedent's estate and appointed plaintiff William Cherry (hereinafter plaintiff), the successor to Tague as County Treasurer, as administrator.

On March 10, 1999, plaintiff and the estate's beneficiaries commenced the instant action against defendant asserting legal malpractice, breach of contract, participation in breach of fiduciary duty and aiding and abetting a fraud.* Defendant moved to dismiss the complaint against him pursuant to CPLR 3211 (a) (7) and (5) on the grounds that it failed to state a cause of action and was barred by the Statute of Limitations. Supreme Court partially granted defendant's motion, by dismissing the first and second causes of action alleging legal malpractice and breach of contract as to the beneficiaries, and the third and forth causes of action as to all plaintiffs. However, the court found privity between plaintiff and defendant as to the first and second causes of action, and continuous representation through March 30, 1996 and, therefore, denied defendant's motion to that extent.

Defendant now appeals, contending that since he was retained by Tague, he had no attorney-client or contractual relationship with plaintiff and, therefore, the legal malpractice and breach of contract claims fail for lack of privity. We disagree. Although recognizing "that absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by profes-

---

* A similar action involving plaintiff and another decedent's estate is decided herewith (*Cherry v Decker*, 280 AD2d 867 [decided herewith]).

sional negligence" (*Spivey v Pulley*, 138 AD2d 563, 564), we find this maxim inapplicable here. The office of public administrator, for which Tague was qualified by virtue of his being the County Treasurer (*see*, SCPA 1219; *see also*, County Law § 550), is statutorily recognized and expressly authorized to, *inter alia*, receive letters of administration and retain legal counsel (*see*, SCPA 1202, 1210, 1212, 1213, 1219). Letters of administration in decedent's estate were issued to the Schoharie County Treasurer in his official capacity and not to the particular individual who happened to hold that office at the time (*see, Matter of Williams*, 32 Misc 2d 1072, 1074-1075). It was that officer who, in connection with his duties as fiduciary of the estate, retained and established an attorney-client relationship with defendant, and who compensated defendant using estate funds. This privity between defendant and the public administrator continued despite plaintiff's succession to the office. Certainly, once out of office, Tague had no right or power to perform public administrative duties (*see, id.*; *see also*, SCPA 1205). Thus, Supreme Court properly concluded that privity existed between plaintiff and defendant, and properly denied defendant's motion to dismiss the first two causes of action on this basis.

Defendant also argues that the action is time barred by the three-year limitations period for legal malpractice claims pursuant to CPLR 214 (6). This issue turns on when defendant's representation of the public administrator ceased, for "[w]hile a cause of action for legal malpractice accrues on the date on which the claimed malpractice occurred, under the rule of continuous representation the Statute of Limitations is tolled while representation on the same matter in which the malpractice is alleged is ongoing" (*Pollicino v Roemer & Featherstonhaugh*, 260 AD2d 52, 54; *see, Weiss v Manfredi*, 83 NY2d 974, 977; *Glamm v Allen*, 57 NY2d 87, 94). Here, the Surrogate's Court proceeding in which defendant was the attorney of record for the public administrator continued at least until issuance of the decree on March 11, 1996. There is also unrebutted evidence that defendant continued to provide representation beyond that date. Since the instant action was commenced on March 10, 1999, Supreme Court properly denied defendant's motion on Statute of Limitations grounds as to plaintiff's legal malpractice cause of action.

Finally, defendant contends that plaintiff's breach of contract claim is redundant with the legal malpractice claim and should be dismissed. However, since defendant did not assert this ground for dismissal in his motion papers, we find that the is-

sue was not presented to Supreme Court and, consequently, is not properly before this Court on appeal.

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.