■ WILLIAM CHERRY, as Administrator of the Estate of WALTER W. GARLOCK, Deceased, Respondent, et al., Plaintiffs, v FRANK A. DECKER, Appellant. [720 NYS2d 415] —Rose, J. Appeal from an order of the Supreme Court (Hughes, J.), entered December 23, 1999 in Schoharie County, which partially denied defendant's motion to dismiss the complaint for failure to state a cause of action.

In 1994, Surrogate's Court issued letters of administration in the estate of Walter W. Garlock (hereinafter decedent) to the Schoharie County Treasurer, Lawrence Tague, as public administrator. Tague thereafter retained defendant, an attorney, to represent him as fiduciary of the estate. On April 30, 1996, Surrogate's Court entered a decree closing the estate. In June 1996, Tague was arrested for, and subsequently convicted of, various felonies including grand larceny for his theft and misappropriation of funds from decedent's estate as well as from two others for which he was fiduciary. As a result, Sur-

rogate's Court reopened decedent's estate and appointed plaintiff William Cherry (hereinafter plaintiff), the successor to Tague as County Treasurer, as administrator.

On March 10, 1999, plaintiff and the estate's beneficiaries commenced the instant action against defendant asserting legal malpractice, breach of contract, participation in breach of fiduciary duty and aiding and abetting a fraud. Defendant moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) on the grounds that there is lack of privity between plaintiffs and defendant, the claims for participation in breach of fiduciary duty and aiding and abetting a fraud do not exist and the claim for breach of contract is identical to the malpractice claim and thus redundant. Supreme Court partially granted defendant's motion, by dismissing the first and second causes of action alleging legal malpractice and breach of contract as to the beneficiaries, and the third and fourth causes of action as to all plaintiffs. However, the court found privity between plaintiff and defendant as to the first and second causes of action and, therefore, denied defendant's motion to that extent.

Defendant appeals contending that since he was retained by Tague, he had no attorney-client or contractual relationship with plaintiff and, therefore, the legal malpractice and breach of contract claims fail for lack of privity. For the reasons set forth in our decision in a similar action involving plaintiff and another decedent's estate (*Cherry v Mallery*, 280 AD2d 860 [decided herewith]), we disagree. Thus, Supreme Court properly concluded that privity existed between plaintiff and defendant, and properly denied defendant's motion to dismiss the first two causes of action on this basis.

Defendant also contends that plaintiff's claims for breach of contract and legal malpractice are duplicative and, therefore, the breach of contract claim should be dismissed. Here, unlike in *Cherry v Mallery* (*supra*), defendant raised this ground for dismissal in his motion papers before Supreme Court. As the breach of contract claim is a redundant pleading of the malpractice claim, we conclude that Supreme Court erred in failing to dismiss such claim (*see, Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 38-39).

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to dismiss the breach of contract cause of action; motion granted to that extent; and, as so modified, affirmed.