◼ JACOB GRIFFEL, Appellant-Respondent, v. ARTHUR B. BELFER, Respondent-Appellant.— Order entered on March 29, 1960 dismissing the complaint unanimously reversed, on the law, with $20 costs and disbursements to plaintiff-appellant and the defendant's motion denied, with $10 costs. The cross motions by defendant, (1) for summary judgment under rule 113 of the Rules of Civil Practice, (2) for judgment on the pleadings under rule 112 of the Rules of Civil Practice and (3) for a separate trial on the validity of the releases, are denied on the merits. Special Term dismissed the complaint on the ground that the six-year Statute of Limitations governing contract actions barred plaintiff, and that under the doctrine of *Brick* v. *Cohn-Hall-Marx Co.* (276 N. Y. 259) plaintiff could not escape the application of the statute by dressing the action in the garb of a suit for damages for fraud. That conclusion, however, misconceived the nature of plaintiff's cause of action as alleged in his pleading. Plaintiff's cause of action is for the alleged fraud of defendant which induced him to enter into a compromise agreement in 1953, and the damages sought are based on the fair consideration for the compromise. In other words, plaintiff's cause of action proceeds on an affirmance of the compromise agreement and assumes that the compromise agreement superseded and extinguished the alleged original agreement of employment made a year before. Standing on his exchange of a claim to royalties under the original contract for the cash settlement received in 1953, plaintiff is suing for the difference between what would have been a fair and honest settlement and the amount he accepted in reliance on the alleged misrepresentations of defendant. As such, plaintiff states a good cause of action similar to the ones sustained in *Gould* v. *Cayuga County Nat. Bank* (99 N. Y. 333) and *Urtz* v. *New York Cent. & Hudson Riv. R. R. Co.* (202 N. Y. 170). Hence, the Statute of Limitations applicable to a fraud action, rather than to a contract action, governs plaintiff's suit, and the complaint should not have been dismissed as barred by the six-year Statute of Limitations regulating contract actions. Since Special Term dismissed the complaint as barred by the Statute of Limitations, defendant's other cross motions, (a) for summary judgment under rule 113 of the Rules of Civil Practice, (b) for judgment on the pleadings under rule 112 on the defense of the Statute of Frauds and (c) in the alternative, for a separate trial on the validity of the releases, were denied as academic. Our reinstatement of the complaint requires consideration of those motions. Since the suit is predicated on fraud in the inducement of the compromise agreement, the defense of Statute of Frauds directed against the original royalty agreement is not a bar to the action. The same may be said about defendant's contention that plaintiff's claim under the original contract cannot be pressed because plaintiff did not possess a license as a real estate broker (Real Property Law, § 442-d). On both of those questions there are triable issues as to whether

the contract was a Wyoming one or was governed by the laws of New York, whether section 259 of the Real Property Law embraces oil and gas leases or overriding royalty interests in such leases, and whether the agreement to render brokerage services was made outside of New York. As was pointed out in *Urtz* v. *New York Cent. & Hudson Riv. R. R. Co.* (*supra*) plaintiff will have to establish that he had a valid and existing claim against the defendant at the time of the compromise to enable him to recover in this action. The applicability of the Statute of Frauds and the licensing statute will be a matter to consider in determining whether plaintiff had a valid and existing claim. Although a determination that plaintiff's original claim was subject to a defense of the Statute of Frauds would not make the claim worthless — since there might remain a right to recover in *quantum meruit* or other facts and circumstances arising theretofore or thereafter might take the claim outside the statute,— the imminence of such a defense would unquestionably be pertinent to the fair value of a settlement of a claim subject to that possible infirmity. Since the trial of the issue of fraud will involve much of the same matters as the trial of the entire action, it would be improvident to order a separate trial of that issue. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Eager and Noonan, JJ.