OPINION OF THE COURT
 

 Levine, J.
 

 This appeal from the preanswer dismissal of plaintiff's complaint presents two questions: first, whether raising additional grounds for dismissal in a reply affidavit violates the “single motion” rule (CPLR 3211 [e]) and second, whether on the
 
 *429
 
 merits dismissal was proper. We agree with the Appellate Division that the additional grounds tendered could be considered, but conclude that dismissal of the complaint was not warranted here.
 

 As alleged in his complaint, all of plaintiff Herman Held’s causes of action stem from an agreement, made in 1982, with the late Morris Kaufman, husband to defendant Anita Kaufman and father of defendant Ivan Kaufman, whereby Morris Kaufman promised plaintiff a 6% partnership interest in a mortgage lending venture in exchange for plaintiffs advice and assistance in launching the enterprise and for plaintiff’s promise to transfer 6% of another real estate partnership to Ivan Kaufman. Plaintiff asserts that he immediately performed by transferring
 
 6%
 
 of the real estate interests to Ivan Kaufman and by shepherding the formation of the mortgage lending venture. By 1983, American Equity Funding, Inc., the predecessor in interest to defendants Arbor National Mortgage, Inc. and Arbor National Holdings, Inc. (collectively, Arbor), was incorporated to carry out the mortgage lending project. Morris Kaufman died in 1988.
 

 According to plaintiff, he was fraudulently induced, in February 1992, by defendants Anita and Ivan Kaufman to accept $150,000, paid out over five years, in full satisfaction of all claims against defendant Arbor and its shareholders, including any ownership interest in Arbor. The alleged fraud consisted of misrepresentations involving the value of plaintiffs 6% interest and a denial of any immediate plans by the controlling shareholders to make a public offering of Arbor’s shares. In fact, fewer than six months later, Arbor filed a registration statement with the Securities and Exchange Commission for the public offering of its stock. Following the public sale, plaintiff’s alleged 6% interest would have been worth $3,600,000.
 

 In addition to fraud in the inducement, the complaint also states a cause of action for breach of contract for failing to convey the promised 6% interest in Arbor and a claim for unjust enrichment in reneging on that promise, seeking to impose a constructive trust over 6% of Arbor’s stock.
 

 Defendants made a preanswer motion to dismiss the complaint pursuant to CPLR 3211. In opposition, plaintiff submitted an affidavit which included several facts not contained in the initial complaint, notably that the contract between plaintiff and Morris Kaufman was oral, that Arbor was not
 
 *430
 
 incorporated until 1983, and that Ivan Kaufman refused to recognize plaintiffs ownership interest in Arbor as early as 1988. Relying on these averments as judicial admissions, defendants included additional grounds for dismissal in their reply papers, namely, that the contract was unenforceable under the Statute of Frauds, that the contract was void for indefiniteness, and that plaintiffs claims were time barred. The court permitted plaintiff to submit a surreply to the newly asserted defenses.
 

 Supreme Court denied the motion to dismiss, ruling that the additional defenses raised in the reply to plaintiffs answering affidavit violated the “single motion” rule of CPLR 3211 (e). The Appellate Division reversed and granted defendants’ motion to dismiss, holding that the assertions in plaintiffs answering affidavit “ ‘conclusively establish that he has no cause of action’ ” (238 AD2d 546, 548, quoting
 
 Rovello v Orofino Realty Co.,
 
 40 NY2d 633, 636). We granted plaintiff leave to appeal, and we now modify the order of the Appellate Division, reinstate one of plaintiffs claims, and otherwise affirm.
 

 As an initial matter, we reject plaintiffs contention that CPLR 3211 (e), which permits only one preanswer motion to dismiss, bars consideration of the additional defenses raised for the first time in defendants’ reply papers. The purpose of CPLR 3211 (e) is to “prevent the delay before answer that could result from a series of motions” (Advisory Committee Notes following CPLR 3211, reprinted in NY Cons Law Serv, Book 4H, at 308 [1994]). That additional grounds for dismissal were introduced in a reply affidavit on what was a single CPLR 3211 motion violates neither the letter nor the spirit of the single motion rule. Indeed, defendants’ arguments could not have been submitted at an earlier juncture because of the indefiniteness of plaintiffs initial pleading. Moreover, plaintiff was afforded an opportunity to respond, thus obviating any danger of prejudice.
 

 Thus, the Appellate Division’s reliance upon facts averred in plaintiffs answering papers, as a basis for dismissal, was not erroneous. Although affidavits submitted in response to a motion to dismiss customarily serve the limited purpose of remedying defects in a complaint, “there may be instances in which a submission by plaintiff will conclusively establish that he has no cause of action”
 
 (Rovello v Orofino Realty Co.,
 
 40 NY2d, at 636,
 
 supra).
 

 Turning to the merits, it is settled law that a CPLR 3211 dismissal may be granted where “documentary evidence
 
 *431
 
 submitted conclusively establishes a defense to the asserted claims as a matter of law”
 
 (Leon v Martinez,
 
 84 NY2d 83, 88). Thus, the issue here is whether the affidavits submitted in response to the motion to dismiss conclusively establish, as held by the Appellate Division, that none of plaintiffs causes of action has any merit.
 

 We agree with the Appellate Division that plaintiffs second and third causes of action, for breach of contract and for a constructive trust based on a breach of fiduciary duty and unjust enrichment, both of which arise out of defendants’ refusal to honor the alleged 1982 agreement, should be dismissed. Plaintiffs affidavit admits that Ivan Kaufman disavowed the agreement as early as 1988. Thus, these two claims, asserted in an action commenced seven years later, are time barred (see, CPLR 213 [1], [2]).
 

 We reach a different conclusion with regard to plaintiffs claim for fraud in the inducement. The six-year limitations period for fraud claims is measured, at the earliest, from the time of the fraud (see, CPLR 213 [8]). Here, the allegedly fraudulent misrepresentations of fact that caused plaintiff to settle his claims for $150,000 occurred in 1992 and the instant claim was interposed in 1995, well within the limitations period (see,
 
 id.).
 

 Dismissal of the fraud in the inducement claim would nevertheless be appropriate if the record established that there was no value whatsoever to the underlying claim which plaintiff was induced to relinquish by reason of the alleged fraud. To state a cause of action for fraud, a plaintiff must show an intentional misrepresentation of a material fact
 
 resulting in some injury (see, New York Univ. v Continental Ins. Co.,
 
 87 NY2d 308, 318). Where the underlying claim has no viability, there is no potential for recovery for fraud in the inducement of settlement because plaintiff would not be able to show any injury by reason of abandonment of an entirely valueless claim
 
 (see, Urtz v New York Cent. & Hudson Riv. R. R. Co.,
 
 202 NY 170, 175).
 

 In
 
 Urtz,
 
 the Court reversed a jury award to a plaintiff who, relying on misrepresentations, settled claims for the wrongful death of her husband because the trial court refused to charge the jury that, in order to maintain the action, the plaintiff must demonstrate that her original claim for wrongful death was valid and existing at the time of settlement. The Court offered the following example of a plaintiff claiming that she was
 
 *432
 
 fraudulently induced to settle a claim based on a promissory note and stated:
 

 “[S]he, in an action to recover her damages caused by fraud, must have given evidence in proof of the validity of the note to afford the jury a starting point for the measurement of her damages, and if they found that the note was forged and not made by defendant, they would find also that she had sustained no damages and could not maintain the action.
 
 Unless she had a valid note of the defendant, she had and released in the compromise nothing of value” (id.,
 
 at 175 [emphasis supplied]).
 

 (See also, Griffel v Belfer,
 
 12 AD2d 609, 610 [“plaintiff will have to establish that he had a valid and existing claim against the defendant at the time of the compromise to enable him to recover in this action”],
 
 affd without opn
 
 10 NY2d 902.) By ascribing error to the jury instructions, the
 
 Urtz
 
 Court essentially specified that at the trial of a fraudulently induced settlement claim, where defendant raises the issue, the ultimate burden of proving some merit to the underlying cause of action lies with the plaintiff.
 

 Thus, had the trial court chosen here to treat the instant motion as one for summary judgment under CPLR 3212, plaintiff would have had the burden of submitting evidentiary proof that the underlying claims had some viability. Instead, however, this matter is before us at the earliest pleadings stage, where plaintiff is benefitted by the rule that every favorable inference must be afforded the facts alleged in the complaint and in the various motion papers submitted by him
 
 (see,
 
 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.36 [1998]).
 

 Defendants suggest three bases that they contend render the underlying claims unenforceable and totally valueless: the doctrine of contractual indefiniteness, the Statute of Limitations and the Statute of Frauds. Relying on plaintiffs concession that the mortgage banking company was not actually formed until a year after plaintiff and Morris Kaufman allegedly agreed to go into business, defendants argue that the agreement fatally lacked time specificity. The fact that the alleged oral agreement may not have contained a specified time for performance does not constitute a form of indefiniteness that would, at this pleadings stage, warrant dismissal on that basis
 
 (see, e.g., Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.,
 
 78 NY2d 88, 91; 1 Farnsworth, Contracts § 3.28, at 355-365 [1990]).
 

 
 *433
 
 The next contention by defendants, that plaintiffs claim, settled in 1992; was valueless because it was
 
 then
 
 time barred, is equally unpersuasive. The underlying contractual and equitable claims here arose in 1988, when Ivan Kaufman repudiated any promise to transfer the 6% interest in Arbor, and the settlement agreement took place in 1992. Thus, at the time of the settlement, two years remained before the limitations period would have expired.
 

 Defendants’ final assertion is that plaintiffs underlying claims were barred by UCC 8-319 which requires contracts for the sale of securities to be in writing. If that Statute of Frauds applies, it could render the underlying claim completely worthless and preclude a fraud in the inducement cause of action. Although, plaintiff ultimately will have the burden to submit evidentiary facts taking the agreement outside the Statute of Frauds, by exception or otherwise, at this CPLR ,3211 motion stage, we must credit the assertions in plaintiffs surreply papers suggesting certain factual grounds which may defeat the Statute of Frauds defense. Hence, dismissal of the fraud in the inducement cause of action at this point is premature
 
 (see, Griffel v Belfer, supra,
 
 12 AD2d, at 610).
 

 Given the procedural posture of this case, no conclusions or inferences should be drawn about the ultimate merit of the Statute of Frauds defense, or any other defense to the first cause of action asserted by defendants in their motion to dismiss, which defendants will have the opportunity to reassert in a motion for summary judgment pursuant to CPLR 3212, or as affirmative defenses under CPLR 3018 (b).
 

 Accordingly, the order of the Appellate Division should be modified, without costs, to reinstate only plaintiffs first cause of action and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Ciparick and Wesley concur.
 

 Order modified, etc.