■ Lois Mancino, Appellant, v Victor Levin et al., Respondents. [702 NYS2d 357] —In an action, *inter alia*, to recover damages for legal malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated December 15, 1998, as denied her cross motion for partial summary judgment dismissing the defendants' first and second affirmative defenses alleging that the action is barred by the Statute of Limitations and laches.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the defendants' first and second affirmative defenses are dismissed.

The defendants represented the plaintiff in a matrimonial action which was settled in 1992 pursuant to a stipulation. On August 20, 1997, the plaintiff commenced this action against them, seeking to recover damages for legal malpractice, and alleging other causes of action, including breach of contract, apart from the alleged malpractice. In their answer, the defendants interposed two affirmative defenses, alleging that the action was barred by the expiration of the Statute of Limitations and by laches. The Supreme Court denied the plaintiff's cross motion for partial summary judgment dismissing those affirmative defenses. We reverse.

As to the plaintiff's cause of action to recover damages for legal malpractice, the applicable three-year Statute of Limitations (*see,* CPLR 214) was tolled by the defendants' ongoing representation of the plaintiff in connection with enforcement of the stipulation of settlement. The record demonstrates that the defendants' representation did not terminate more than three years before the commencement of this action. Consequently, that cause of action was timely interposed (*see, Kuritzky v Sirlin & Sirlin,* 231 AD2d 607; *Luk Lamellen U. Kupplungbau GmbH v Lerner,* 166 AD2d 505).

In addition, the plaintiff's causes of action to recover damages for breach of contract are not time-barred (*see,* CPLR 213), as previously found by the Supreme Court in a prior order denying the defendants' motion to dismiss the complaint.

Finally, the affirmative defense of laches should have been dismissed (*see, Schlanger v Flaton,* 218 AD2d 597, 603). Ritter, J. P., Altman, Schmidt and Smith, JJ., concur.