FRED W. NELSON, Respondent, v STANLEY KALATHARA, Defendant, and CLAUDE SIMPSON, Appellant. [853 NYS2d 89]—

In an action to recover damages for legal malpractice, the defendant Claude Simpson appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated August 29, 2006, as denied his motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Claude Simpson which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him is granted.

By order of the Supreme Court, Westchester County (Rosato, J.), entered January 13, 2004, the plaintiff, Fred W. Nelson was appointed successor guardian of the person and property of Bernadine Bell, an alleged incapacitated person, and his brother Vincent Nelson (hereinafter Nelson) was removed by the court. In late 2002 Nelson, on behalf of Bell and represented by the defendant Stanley Kalathara, entered into a contract to sell certain real property belonging to Bell. The contract of sale was prepared by Kalathara as the seller's attorney. The defendant

Claude Simpson (hereinafter the appellant), an attorney, was retained by the purchasers to represent them in the purchase. Simpson also represented the purchasers' lender in the transaction.

The parties appeared at the closing on the property on January 6, 2003 at which time title closed on the subject premises. Present at the closing were, among others, Nelson, Kalathara, the purchasers, and Simpson.

The plaintiff alleges that Nelson misappropriated, inter alia, funds that were received from the closing that belonged to Bell. The plaintiff commenced this action to recover damages for legal malpractice against Simpson and Kalathara on May 8, 2006, more than three years and four months after the January 6, 2003 closing.

To recover damages for legal malpractice, a plaintiff must prove, inter alia, the existence of an attorney-client relationship (*see Volpe v Canfield*, 237 AD2d 282, 283 [1997]). "It is well established that, with respect to attorney malpractice, absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence" (*Rovello v Klein*, 304 AD2d 638 [2003], citing *Conti v Polizzotto*, 243 AD2d 672 [1997]). Since an attorney-client relationship does not depend on the existence of a formal retainer agreement or upon payment of a fee (*see Hansen v Caffry*, 280 AD2d 704 [2001]), a court must look to the words and actions of the parties to ascertain the existence of such a relationship (*see Tropp v Lumer*, 23 AD3d 550 [2005]).

Here, the Supreme Court erred in denying that branch of Simpson's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him. The plaintiff's allegations against Simpson, that by virtue of his role in the real property sale, he knew or should have known that Bell would rely on his skills as an attorney to issue checks payable to the guardian, and not to Nelson individually, do not fall within the narrow exception of fraud, collusion, malicious acts, or other special circumstances under which a cause of action alleging legal malpractice may be asserted absent a showing of actual or near-privity (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 595 [2005]).

In light of our determination, we need not reach the appellant's remaining contention. Spolzino, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.