■ ANDREA MINSKY, Appellant, v EUGENE HABER et al., Respondents, et al., Defendants. [903 NYS2d 441]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty III, J.), entered April 22, 2009, which granted the motion of the defendants Eugene Haber, Edward Cobert, and Amy Cobert, individually and doing business as Cobert, Haber & Haber, pursuant to CPLR 3211 (a) (1), (3), (5) and (7) to dismiss the complaint insofar as asserted against them, and denied her cross motion for summary judgment on the second cause of action to recover certain alleged escrow funds.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants Eugene Haber, Edward Cobert, and Amy Cobert, individually and doing business as Cobert, Haber & Haber, pursuant to CPLR 3211 (a) (1), (3), (5) and (7) to dismiss the complaint insofar as asserted against them and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the determination of the Supreme Court, the motion of the defendants Eugene Haber, Edward Cobert, and Amy Cobert, individually and doing business as Cobert, Haber & Haber (hereinafter collectively the Haber defendants), to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 should have been denied. Affording the complaint a liberal construction, and according its factual allegations every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]), we find that the complaint sufficiently stated distinct causes of action to recover damages for legal malpractice, breach of contract, breach of fiduciary duty, and fraud. With regard to the privity requirement of the legal malpractice cause of action, the plaintiff satisfactorily alleged that she was assigned a claim of right by her father sounding in legal malpractice against the Haber defendants, that the Haber defendants also were retained to represent her personal interests in addition to her father's interests, that she was also a third-party beneficiary of the representation of her father by the Haber defendants, and was injured by their alleged misconduct (*see generally Nelson v Kalathara*, 48 AD3d 528 [2008]; *Fredriksen v Fredriksen*, 30 AD3d 370 [2006]). The other causes of action are sufficiently different from the legal malpractice claim to survive that branch of the Haber defendants' motion which was pursuant to CPLR 3211 (a) (7).

Furthermore, dismissal of the complaint as time-barred pursuant to CPLR 3211 (a) (5) was error, since the plaintiff alleged facts supporting the application of the continuous representation doctrine to toll the statute of limitations for legal malpractice (*see* CPLR 214 [6]; *Griffin v Brewington*, 300 AD2d 283 [2002]; *Mancino v Levin*, 268 AD2d 507 [2000]; *Kuritzky v Sirlin & Sirlin*, 231 AD2d 607 [1996]), and the remaining causes of action also were timely interposed under the circumstances.

The Haber defendants' submission of documentary evidence did not conclusively establish a defense to the claims asserted by the plaintiff (*see* CPLR 3211 [a] [1]; *see generally Held v Kaufman*, 91 NY2d 425, 430-431 [1998]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Peter F. Gaito Architecture, LLC v Simone Dev. Corp.*, 46 AD3d 530 [2007]), but merely revealed the existence of factual questions with regard to the propriety of the Haber defendants' conduct.

The plaintiff, however, failed to establish her prima facie entitlement to judgment as a matter of law on the cause of action to recover certain alleged escrow funds. Accordingly, her

cross motion was properly denied (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), without reference to the papers submitted in opposition by the Haber defendants.

The parties' remaining contentions either are without merit or need not be reached in light of the foregoing. Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.