■ Sato Construction Co., Inc., Doing Business as Flag Waterproofing & Restoration Company, Respondent, v 17 And 24 Corporation, Appellant. [939 NYS2d 136]—

The defendant, 17 And 24 Corporation (hereinafter the Corporation), owns several landmark residential buildings in Manhattan, known collectively as the Rockefeller Apartments. A report of the New York City Landmarks Preservation Commission stated that the "window detailing of the Rockefeller Apartments is one of the buildings' most significant features." The Corporation hired the plaintiff, Sato Construction Co., Inc., doing business as Flag Waterproofing & Restoration Company (hereinafter Flag), to repair and restore the windows at the Corporation's building located at 24 West 55th Street. The par-

ties entered into a contract on October 25, 2007, which provided for multiple periodic payments by the Corporation to Flag, subject to approval of Flag's work by architects retained by the Corporation. In February and March 2010, Flag submitted applications for Payment Nos. 16, 17, and 18, as required by the contract. The architects approved the application for these payments, which totaled $33,750. In its complaint, Flag alleged that it has yet to be paid.

On February 12, 2010, the architects sent the Corporation a letter that stated that "due to the severe deterioration of many of the windows, Flag is not capable of restoring all of the steel windows." The Corporation then terminated the contract pursuant to section 14.2.2 thereof, which provided that "the Owner, upon certification by the Architect that sufficient cause exists to justify such an action, may . . . terminate employment of the Contractor."

Flag commenced this action, alleging breach of contract and defamation, and the Corporation moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). In an order entered September 10, 2010, the Supreme Court granted that branch of the Corporation's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the defamation cause of action, but denied those branches of the motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the four breach of contract causes of action. The Corporation appeals from so much of the order as was adverse to it. We affirm the order insofar as appealed from.

To succeed on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1), the documentary evidence which forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Jesmer v Retail Magic, Inc., 55 AD3d 171, 180 [2008]; Prudential Wykagyl/Rittenberg Realty v Calabria-Maher, 1 AD3d 422 [2003]). Here, the documentary evidence submitted by the Corporation established that it hired Flag to restore all of the windows in its landmark building, that architects retained by the Corporation later informed the Corporation that the condition of the windows had deteriorated too much, and that the windows could not all be restored. While the architects may have made a factual determination that the job for which Flag had been retained was impossible to complete, such a determination does not, as alleged by the Corporation, conclusively establish impossibility of performance, or that reasonable cause to terminate the contract existed pursuant to sections 14.2.1, 14.2.2, and article 2 of the contract, which provided

for termination in the event of a breach. Accordingly, the Supreme Court properly concluded that the documentary evidence submitted by the Corporation failed to resolve all factual issues as a matter of law, and did not conclusively dispose of the first and second causes of action (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Jesmer v Retail Magic, Inc.*, 55 AD3d at 180). As such, the Supreme Court properly denied those branches of the Corporation's motion which were pursuant to CPLR 3211 (a) (1) to dismiss the first and second causes of action.

The Supreme Court also properly denied those branches of the Corporation's motion which were pursuant to CPLR 3211 (a) (1) to dismiss the third and fourth causes of action, which were predicated on the Corporation's alleged failure to make Payment Nos. 16, 17, and 18 for work already performed pursuant to the contract. Although section 14.2.3 of the contract recites that "[w]hen the Owner terminates the Contract for one of the reasons stated in Section 14.2.1, the Contractor shall not be entitled to receive further payment until the Work is finished," section 1.1.3 of the contract provides that the "Work" itself can consist of construction and other services required by the contract that are only "partially completed." Thus, the Supreme Court properly determined that the documentary evidence submitted by the Corporation failed to resolve all factual issues as a matter of law, and did not conclusively dispose of the third and fourth causes of action (*id.*).

Moreover, the first, second, third, and fourth causes of action all state causes of action to recover damages for breach of contract (*see generally Leon v Martinez*, 84 NY2d 83, 87-88 [1994]) and, thus, the Supreme Court properly denied those branches of the Corporation's motion which were pursuant to CPLR 3211 (a) (7) to dismiss those causes of action. Angiolillo, J.P., Lott, Austin and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32508(U).]**