■ GINTAS JANUSONIS, Appellant, v AUDRIUS CARAUSKAS, Doing Business as DUNGEON OF NOISE STUDIO, Respondent. [28 NYS3d 438]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated March 19, 2014, as granted that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss so much of the first cause of action as sought to recover consequential damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

As alleged in the complaint, the plaintiff, a professional musician and owner of a recording studio in Brooklyn, purchased a 1978 Amek M2000 In-Line Recording Console (hereinafter the console) which the defendant, an Illinois resident, had advertised for sale on eBay. After the console was delivered to the plaintiff in New York, the plaintiff discovered that it had been damaged in transit. As a result, he rejected it and returned it to the defendant. The plaintiff claimed, and received, a full refund of the purchase price and shipping charges. Thereafter, he commenced this action interposing, inter alia, a breach of contract cause of action (the first cause of action), wherein he sought to recover consequential damages arising from the defendant's breach. Insofar as relevant to this appeal, the defendant moved, inter alia, to dismiss so much of the first cause of action as sought to recover consequential damages. The Supreme Court granted that branch of the motion, and the plaintiff appeals.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should accept the alleged facts in the complaint as true and afford the proponent the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *see also Baron v Galasso*, 83 AD3d 626, 628 [2011]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). Moreover, the court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true (*see Kopelowitz & Co., Inc. v Mann*, 83 AD3d 793, 797 [2011]; *Pike v New York Life Ins. Co.*, 72 AD3d 1043, 1049 [2010]).

A buyer, such as the plaintiff, may recover consequential damages, i.e., losses resulting from the seller's breach and "which could not reasonably [have been] prevented by cover or otherwise," if the seller at the time of contracting had reason to

know of them (UCC § 2-715 [2] [a]). To determine whether consequential damages were reasonably contemplated by the parties, "the nature, purpose and particular circumstances of the contract known by the parties should be considered, as well as what liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made" (*Kenford Co. v County of Erie*, 73 NY2d 312, 319 [1989] [citations and internal quotation marks omitted]; *see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 193 [2008]).

Here, the plaintiff's allegations, even as supplemented by his affidavit, failed to sufficiently allege that the potential for consequential damages was within the defendant's contemplation at the time of entering into the agreement, or that the plaintiff could not reasonably have prevented the resulting losses (*see* UCC § 2-715 [2] [a]; *Ashland Mgt. v Janien*, 82 NY2d 395, 403 [1993]; *Kenford Co. v County of Erie*, 73 NY2d at 319; *Atkins Nutritionals v Ernst & Young*, 301 AD2d 547, 549 [2003]). Accordingly, the Supreme Court properly granted dismissal of so much of the first cause of action as sought to recover consequential damages pursuant to CPLR 3211 (a) (7). Mastro, J.P., Chambers, Roman and Barros, JJ., concur.