A. N. v Roman Catholic Diocese of Rockville Ctr. (2018 NY Slip Op 06872)





A. N. v Roman Catholic Diocese of Rockville Ctr.


2018 NY Slip Op 06872


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-06808
 (Index No. 8429/16)

[*1]A. N., etc., et al., appellants, 
v
Roman Catholic Diocese of Rockville Centre, et al., respondents.


Douglas A. Spencer, PLLC, Port Jefferson, NY, for appellants.
Patrick F. Adams, P.C., Great River, NY (Joseph M. Nader of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Daniel Martin, J.), entered May 24, 2017. The judgment, insofar as appealed from, upon an order of the same court dated April 14, 2017, granting that branch of the defendants' motion pursuant to CPLR 3211(a)(1) which was to dismiss the complaint insofar as asserted against the defendants Roman Catholic Diocese of Rockville Centre, Diocese of Rockville Centre Education Department, and St. John the Baptist Diocesan High School, is in favor of those defendants and against the plaintiffs dismissing the complaint insofar as asserted against those defendants. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion pursuant to CPLR 3211(a)(1) which was to dismiss the complaint insofar as asserted against the defendants Roman Catholic Diocese of Rockville Centre, Diocese of Rockville Centre Education Department, and St. John the Baptist Diocesan High School is denied, the complaint insofar as asserted against those defendants is reinstated, and the order dated April 14, 2017, is modified accordingly.
On May 3, 2016, A. N., a student at St. John the Baptist Diocesan High School who was allegedly on school probation, was found in possession of an e-cigarette. As a result of having allegedly violated the school's smoking policy while on school probation, A. N.'s enrollment at the school was terminated. A. N.'s parents, individually and on behalf of their child (hereinafter collectively the plaintiffs), commenced this action against the Roman Catholic Diocese of Rockville Centre, the Diocese of Rockville Centre Education Department, and St. John the Baptist Diocesan High School (hereinafter collectively the school defendants), among others, to recover damages for, inter alia, negligence, intentional and negligent infliction of emotional distress, negligent hiring, and discrimination on the basis of a disability. The defendants filed a pre-answer motion pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them, arguing, inter alia, that the documentary evidence submitted in support of the motion resolved all the factual issues in the case. The Supreme Court, inter alia, granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the school defendants. The plaintiffs appeal.
"On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996; see Leon v Martinez, 84 NY2d 83, 87; Reiver v Burkhart Wexler & Hirschberg, LLP, 73 AD3d 1149). Dismissal on the basis of CPLR 3211(a)(1) should be granted only where the documentary evidence that forms the basis of the defense is such that it utterly refutes the plaintiff's factual allegations, and conclusively disposes of the plaintiff's claims as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Held v Kaufman, 91 NY2d 425, 430-431; Pasquaretto v Long Is. Univ., 106 AD3d 794; Parekh v Cain, 96 AD3d 812, 815; Sato Constr. Co., Inc. v 17 & 24 Corp., 92 AD3d 934, 935-936). To qualify as documentary evidence, the evidence "must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; see Flushing Sav. Bank, FSB v Siunykalimi, 94 AD3d 807, 808). "[N]either affidavits, deposition testimony, nor letters are considered documentary evidence,' within the intendment of CPLR 3211(a)(1)" (Granada Condominium III Assn. v Palomino, 78 AD3d at 997).
Here, the evidence submitted by the defendants, which included a transfer form, some of A. N.'s school records, and copies of the student handbook, did not constitute the type of documentary evidence required for the purpose of a motion pursuant to CPLR 3211(a)(1) to dismiss (see Pasquaretto v Long Is. Univ., 106 AD3d at 795; Granada Condominium III Assn. v Palomino, 78 AD3d at 997). Furthermore, the evidence did not utterly refute the plaintiffs' factual allegations, nor conclusively dispose of the plaintiffs' causes of action as a matter of law.
Accordingly, the Supreme Court should not have granted that branch of the defendants' motion pursuant to CPLR 3211(a)(1) which was to dismiss the complaint insofar as asserted against the school defendants.
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court