Benjamin v Yeroushalmi (2019 NY Slip Op 08647)





Benjamin v Yeroushalmi


2019 NY Slip Op 08647


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-05873
 (Index No. 3563/14)

[*1]Jim Benjamin, et al., appellants-respondents,
v
Moussa Yeroushalmi, et al., respondents-appellants, et al., defendants.


Jaspan Schlesinger LLP, Garden City, NY (Steven R. Schlesinger, Laurel R. Kretzing, Christopher E. Vatter, and Stanley A. Camhi of counsel), for appellants-respondents.
Law Office of Steven Cohn, P.C., Carle Place, NY (Matthew Feinman of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiffs appeal, and the defendants Moussa Yeroushalmi and Farzaneh Yeroushalmi cross-appeal, from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered May 6, 2016. The order, insofar as appealed from, granted those branches of the motion of the defendants Moussa Yeroushalmi and Farzaneh Yeroushalmi which were pursuant to CPLR 3211(a) to dismiss the first, fourth, seventh, and twelfth causes of action. The order, insofar as cross-appealed from, denied those branches of the motion of the defendants Moussa Yeroushalmi and Farzaneh Yeroushalmi which were pursuant to CPLR 3211(a) to dismiss the fifth cause of action insofar as asserted against them and the sixth and tenth causes of action.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff Jim Benjamin (hereinafter Jim) is a real estate developer and investor, and the plaintiff Behrouz Benyaminpour (hereinafter Bruce) is Jim's brother and investment partner. Beginning in 2007, the plaintiffs and the defendants Moussa Yeroushalmi (hereinafter Moussa) and Farzaneh Yeroushalmi (hereinafter together the Yeroushalmi defendants) entered into joint ventures regarding, among other things, the purchase and development of properties located in Mineola and Brooklyn.
According to the plaintiffs, in April 2007, they and the Yeroushalmi defendants entered into a written joint venture agreement in connection with the acquisition and development of certain real properly located on Old Country Road in Mineola (hereinafter the Mineola property). The Metropolitan Transportation Authority (hereinafter the MTA) was selling the Mineola property through a closed bid procedure and ultimately awarded the right to purchase the Mineola property to the plaintiffs and the Yeroushalmi defendants, with the parties agreeing to assign their rights to a third party. The difference between the purchase price of $12,222,000 and the assignment price of $13,500,000 was, according to the plaintiffs, to be distributed as profits, with Jim to receive 30% [*2]of those profits. The plaintiffs allege that the Yeroushalmi defendants failed to distribute the plaintiffs' share of the profits pursuant to the Mineola property joint venture agreement.
The plaintiffs further allege that in April 2007, Moussa and Jim entered into a joint venture agreement for the purchase and development of certain real property located on Albemarle Road in Brooklyn (hereinafter the Albemarle property). This transaction involved an entity owned by Moussa and known as A1 Universal Construction Realty, LLC (hereinafter A1 Universal), which entered into a contract of sale to purchase the Albemarle property for $1,200,000. A1 Universal immediately flipped the purchase contract to a third party who agreed to purchase the Albemarle property for $2,000,000. According to the plaintiffs, they contributed $30,000 toward the down payment, and, pursuant to the joint venture agreement, the joint venture was entitled to 50% of any profits and the return of its closing costs upon a subsequent sale of the Albemerle property. The plaintiffs allege, inter alia, that Moussa failed to distribute to them any of the proceeds of a subsequent sale of the Albemerle property.
In addition, the plaintiffs allege that in July 2008, Moussa solicited them to invest funds in a beverage company called Hip Pop Beverages, LLC (hereinafter HPB). According to the plaintiffs, Moussa made specific oral misrepresentations of material fact to induce them to invest $75,000 in HPB, which he knew to be false at the time he made them.
The plaintiffs commenced this action asserting, inter alia, a cause of action alleging breach of contract with regard to the Mineola property joint venture agreement (first cause of action), a cause of action alleging fraud in the inducement with respect to the HPB transaction (fourth cause of action), a cause of action alleging fraud with regard to the sale of the Albemarle property (fifth cause of action), a cause of action alleging conversion of Bruce's membership interest in a limited liability company that owned an interest in the Albemarle property (hereinafter the Albemarle LLC) (sixth cause of action), causes of action alleging breach of fiduciary duty (seventh and twelfth causes of action), and a cause of action for a declaratory judgment as to Bruce's membership interest in the Albemarle LLC (tenth cause of action).
In April 2015, the Yeroushalmi defendants moved pursuant to CPLR 3211(a)(1) and (7), inter alia, to dismiss the first, fourth, sixth, seventh, tenth, and twelfth causes of action, and the fifth cause of action insofar as asserted against them. The Supreme Court, inter alia, granted those branches of the motion which were to dismiss the first, fourth, seventh, and twelfth causes of action and denied those branches of the motion which were to dismiss the fifth cause of action insofar as asserted against the Yeroushalmi defendants and the sixth and tenth causes of action. The plaintiffs appeal, and the Yeroushalmi defendants cross-appeal.
Dismissal on the basis of CPLR 3211(a)(1) should be granted only where the documentary evidence that forms the basis of the defense is such that it refutes the plaintiff's factual allegations and conclusively disposes of the plaintiff's claims as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Held v Kaufman, 91 NY2d 425, 430-431; Parekh v Cain, 96 AD3d 812, 815; Sato Constr. Co., Inc. v 17 & 24 Corp., 92 AD3d 934, 935-936). To qualify as documentary evidence, the evidence "must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; see Flushing Sav. Bank, FSB v Siunykalimi, 94 AD3d 807, 808).
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must " accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Nonnon v City of New York, 9 NY3d 825, 827, quoting Leon v Martinez, 84 NY2d 83, 87-88; see Saul v Cahan, 153 AD3d 947, 948; Baron v Galasso, 83 AD3d 626, 628). Moreover, the court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true (see Janusonis v Carauskas, 137 AD3d 1218, 1219; Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797; Pike v New York Life Ins. Co., 72 AD3d 1043, 1049).
We agree with the Supreme Court's determination granting that branch of the Yeroushalmi defendants' motion which was to dismiss the first cause of action, alleging breach of the 2007 Mineola property joint venture agreement. In support of their motion, the Yeroushalmi defendants submitted a subsequent agreement dated July 2, 2008 (hereinafter the 2008 agreement), which superseded and constituted a novation of the Mineola property joint venture agreement (see Warberg Opportunistic Trading Fund L.P. v GeoResources, Inc., 151 AD3d 465, 472; Citigifts, Inc. v Pechnik, 112 AD2d 832, 834, affd 67 NY2d 774; Northville Indus. Corp. v Fort Neck Oil Terms. Corp., 100 AD2d 865, 867, affd 64 NY2d 930). Consequently, the cause of action alleging breach of the Mineola property joint venture agreement cannot be maintained (see Citigifts, Inc. v Pechnik, 112 AD2d at 834; Northville Indus. Corp. v Fort Neck Oil Terms. Corp., 100 AD2d at 867).
Further, we agree with the Supreme Court's determination granting those branches of the Yeroushalmi defendants' motion which were to dismiss the seventh and twelfth causes of action, alleging breach of fiduciary duty. " [T]he elements of a cause of action to recover damages for breach of a fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct'" (Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 807, quoting Rut v Young Adult Inst., Inc., 74 AD3d 776, 777). A cause of action to recover damages for breach of fiduciary duty must be pleaded with the particularity required under CPLR 3016(b) (see Litvinoff v Wright, 150 AD3d 714, 715; Swartz v Swartz, 145 AD3d 818, 823; Parekh v Cain, 96 AD3d at 816). Here, as the causes of action alleging breach of fiduciary duty contained only bare and conclusory allegations, without any supporting detail, they failed to satisfy the requirements of CPLR 3016(b) (see Theaprin Pharms., Inc. v Conway, 137 AD3d 1254, 1255; Edem v Grandbelle Intl., Inc., 118 AD3d 848, 849).
We further agree with the Supreme Court's determination granting that branch of the Yeroushalmi defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action, alleging fraud in the inducement with respect to the HPB transaction. A cause of action alleging fraud requires the plaintiff to plead: (1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; Stein v Doukas, 98 AD3d 1024, 1025). "A plaintiff is expected to exercise ordinary diligence and may not claim to have reasonably relied on a defendant's representations [or silence] where he [or she] has means available to him [or her] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation" (Sitar v Sitar, 61 AD3d 739, 742 [internal quotation marks omitted]; see Orlando v Kukielka, 40 AD3d 829, 831). Here, the plaintiffs alleged that Jim relied solely upon Moussa's alleged misrepresentations without conducting any investigation into the factual basis for that information or into the viability of HPB as a business opportunity. As the plaintiffs failed to adequately allege justifiable reliance, the cause of action alleging fraud in the inducement was subject to dismissal.
We also agree with the Supreme Court's determination denying those branches of the Yeroushalmi defendants' motion which were to dismiss the fifth cause of action insofar as asserted against them and the sixth and tenth causes of action on the ground that they were barred by documentary evidence. In support of those branches of the motion, the Yeroushalmi defendants submitted emails, which are not considered "documentary evidence" under CPLR 3211(a)(1) (see Kalaj v 21 Fountain Place, LLC, 169 AD3d 657, 658; Eisner v Cusumano Constr., Inc., 132 AD3d 940, 942; Zellner v Odyl, LLC, 117 AD3d 1040, 1041; Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714).
DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court