Island Ordnance Sys., LLC v Amerimex, Inc. (2024 NY Slip Op 00897)

Island Ordnance Sys., LLC v Amerimex, Inc.

2024 NY Slip Op 00897

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2021-07599
 (Index No. 604583/20)

[*1]Island Ordnance Systems, LLC, appellant,
v
Amerimex, Inc., respondent. 

Farrell Fritz, P.C., Uniondale, NY (Franklin C. McRoberts and James R. Maguire of counsel), for appellant.
Ramone Law Firm, PLLC, White Plains, NY (Simon Q. Ramone of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered October 4, 2021. The order denied the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the defendant's second counterclaim.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the defendant's second counterclaim is granted.
The plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of a contract for the sale of goods. The plaintiff specializes in the design, engineering, manufacturing, and supply of military ordnance products. The defendant imports and exports merchandise, including military ordnance. In 2018, the parties entered into a contract whereby the plaintiff agreed to sell, and the defendant agreed to purchase, artillery target practice cartridges (hereinafter target practice rounds). The defendant separately contracted with the Mexican Navy to sell the target practice rounds for their use. The plaintiff agreed to ship the target practice rounds directly to the Mexican Navy. The plaintiff alleged that the goods were delivered and accepted by the Mexican Navy, and that, despite repeated demands, the defendant breached the contract by failing to pay the plaintiff for the goods the defendant agreed to purchase. In its answer, the defendant asserted various affirmative defenses and counterclaims. In its second counterclaim, the defendant alleged that the goods were not delivered in a timely manner and not accepted by the Mexican Navy, and that the plaintiff's late delivery caused the Mexican Navy to cancel its longstanding business contract with the defendant. The defendant sought to recover lost profits related to the cancellation of its contract with the Mexican Navy.
The plaintiff moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the defendant's second counterclaim. In an order entered October 4, 2021, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Although the plaintiff's motion was made pursuant to CPLR 3211(a), without providing adequate notice pursuant to CPLR 3211(c), the Supreme Court treated it as one for [*2]summary judgment. Despite the court's failure to apply the correct standard, inasmuch as the parties have briefed the merits of the motion on appeal, this Court, in the interest of judicial economy, will determine the motion under the standards applicable to a motion to dismiss pursuant to CPLR 3211(a) (see Christ the Rock World Restoration Church Intl., Inc. v Evangelical Christian Credit Union, 153 AD3d 1226, 1229; Sta-Brite Servs., Inc. v Sutton, 17 AD3d 570, 571).
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the pleading as true, afford the proponent the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; Baron v Galasso, 83 AD3d 626, 627; Sokol v Leader, 74 AD3d 1180, 1181). Moreover, the court may consider affidavits submitted by the pleading party to remedy any defects in the pleading, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true (see Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797; Pike v New York Life Ins. Co., 72 AD3d 1043, 1049).
Lost profits are a form of consequential damages that a buyer, such as the defendant, may recover if "the seller at the time of contracting had reason to know [of them] and which could not reasonably [have been] prevented by cover or otherwise" (UCC 2-715[2][a]; see Janusonis v Carauskas, 137 AD3d 1218, 1219-1220; Val Tech Holdings, Inc. v Wilson Manifolds, Inc., 119 AD3d 1327, 1328). "To determine whether consequential damages were reasonably contemplated by the parties, 'the nature, purpose and particular circumstances of the contract known by the parties should be considered, as well as what liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made'" (Janusonis v Carauskas, 137 AD3d at 1220, quoting Kenford Co. v County of Erie, 73 NY2d 312, 319). In order to recover consequential damages, a pleading party is required to allege that the damages were foreseeable and within the contemplation of the parties at the time the contract was made (see Yenrab, Inc. v 794 Linden Realty, LLC, 68 AD3d 755, 759; Atkins Nutritionals v Ernst & Young, 301 AD2d 547, 549). "[W]here the damages reflect a loss of profits on collateral business arrangements, they are only recoverable when (1) it is demonstrated with certainty that the damages have been caused by the breach, (2) the extent of the loss is capable of proof with reasonable certainty, and (3) it is established that the damages were fairly within the contemplation of the parties" (Biotronik A.G. v Conor Medsystems Ireland, Ltd., 22 NY3d 799, 806 [internal quotation marks omitted]).
Here, the defendant's allegations, even as supplemented by an affidavit from its president, failed to sufficiently allege that consequential damages as lost future profits resulting from the cancellation of the defendant's contract with the Mexican Navy due to the plaintiff's breach of contract were within the plaintiff's contemplation at the time of entering into the contract for the sale of goods (see UCC 2-715[2][a]; Biotronik A.G. v Conor Medsystems Ireland, Ltd., 22 NY3d at 806; Ashland Mgt. v Janien, 82 NY2d 395, 403; Janusonis v Carauskas, 137 AD3d at 1220).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the defendant's second counterclaim.
IANNACCI, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court