■ BANK OF TOKYO TRUST COMPANY, Respondent, v SAUL N. FRIEDMAN et al., Appellants. [602 NYS2d 125] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 6, 1993, which denied defendants' motion to dismiss plaintiff's complaint pursuant to CPLR 3016 (b) and 3211, unanimously affirmed, with costs.

A reading of the complaint together with the various affidavits and exhibits demonstrates that plaintiff has adequately alleged a prima facie claim of fraud against defendants *(see, Lanzi v Brooks,* 54 AD2d 1057, 1058, *affd* 43 NY2d 778; *Arrington v New York Times Co.,* 55 NY2d 433, 442). Plaintiff relied, to its detriment, upon the intentional misrepresentations of defendants and was thereby induced to lend money to a company which it would not have done if the true facts had been presented by defendants.

We also note that since the record indicates that defendants were not "independent" accountants for the company, but were in fact "internal" accountants/bookkeepers of the company, and as such were de facto employees of said company, thus establishing privity sufficient to support a cause of action for negligent misrepresentation *(Ultramares Corp. v Touche,* 255 NY 170), the elements that make up the "near privity" standard of *Credit Alliance Corp. v Andersen & Co.* (65 NY2d 536) do not apply. Concur—Murphy, P. J., Ellerin, Wallach, Kassal and Nardelli, JJ.