■ GIOVANNI CONTI et al., Appellants, v ALFRED POLIZZOTTO et al., Respondents. [663 NYS2d 293] —In an action, *inter alia,* to recover damages for legal malpractice and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Kings County (Barasch, J.), dated September 10, 1996, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

"The well-established rule in New York with respect to attorney malpractice is that absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence" (*Estate of Spivey v Pulley,* 138 AD2d 563, 564; *see, Deeb v Johnson,* 170 AD2d 865; *Mali v De Forest & Duer,* 160 AD2d 297). Construing the allegations of the complaint and the affidavit of the plaintiff Giovanni Conti in the light most favorable to the plaintiffs, as we must on a motion pursuant to CPLR 3211 (a) (7) to dismiss for failure to state a cause of action (*see generally, Leon v Martinez,* 84 NY2d 83; *Guggenheimer v Ginzburg,* 43 NY2d 268; *Rovello v Orofino Realty Co.,* 40 NY2d 633), we agree with the Supreme Court that the

plaintiffs have failed to allege specific facts upon which the existence of an attorney-client relationship or privity between the parties could be inferred. The plaintiffs allege little more than that they arranged and paid for the drafting of a will by the defendants for their aunt, the decedent Lucia Borrometi. The plaintiffs' status as beneficiaries of that will, and their mere claim that they instructed the defendants to draft the instrument in accordance with the decedent's expressed intentions, fail to suggest the existence between the parties of the type of relationship necessary to sustain this action. Moreover, the plaintiffs' conclusory and self-serving allegations of an attorney-client relationship are insufficient for this purpose (*see, Sucese v Kirsch,* 199 AD2d 718).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Copertino, J. P., Sullivan, Friedmann and Luciano, JJ., concur.