■ CELESTE ROVELLO et al., Appellants, v DONALD S. KLEIN, Respondent, et al., Defendants. [757 NYS2d 496] —In an action, inter alia, to recover damages for legal malpractice and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered March 28, 2002, which granted the motion of the defendant Donald S. Klein to dismiss the complaint insofar as asserted against him for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

It is well established that, with respect to attorney malpractice, absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence (*see Conti v Polizzotto,* 243 AD2d 672 [1997]; *Council Commerce Corp. v Schwartz, Sachs & Kamhi,* 144 AD2d 422 [1988]). Construing the allegations of the complaint in the light most favorable to the plaintiffs, as we must on a motion pursuant to CPLR 3211 to dismiss for failure to state a cause of action (*see Leon v Martinez,* 84 NY2d 83 [1994]), we agree with the Supreme Court that the plaintiffs failed to allege specific facts from which the existence of privity between the parties could be inferred. Here, the defendant Donald S. Klein was retained as the attorney for

the administrator of the estate of Jack Rovello and, as such, had no attorney-client relationship with the beneficiaries of the estate (*see Kramer v Belfi,* 106 AD2d 615 [1984]; *Cherry v Mallery,* 280 AD2d 860 [2001]; *Cherry v Decker,* 280 AD2d 867 [2001]). Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against Klein.

In light of the foregoing, we need not address the plaintiffs' remaining contention. Feuerstein, J.P., H. Miller, Townes and Mastro, JJ., concur.