■ IRENE GOLDFARB, Respondent, v MARK S. SCHWARTZ, Appellant. [811 NYS2d 414]—

In an action, inter alia, to recover damages for breach of fiduciary duty and legal malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated June 21, 2005, which denied his motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint for failure to state a cause of action and on the ground that a defense was founded upon documentary evidence.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff and her young daughter were beneficiaries of the estate of the plaintiff's mother. The defendant, an attorney, was retained by the plaintiff's brother, as the executor of the estate, to probate the will and collect the assets of the estate. In November 2004 the plaintiff commenced this action to recover damages for breach of fiduciary duty, legal malpractice, and negligent misrepresentation. In a vague and mostly conclusory amended complaint, the plaintiff asserted three causes of action against the defendant. The first cause of action alleged that in

December 2001 the defendant, acting as a fiduciary, was negligent in securing the sum of $297,000, which was intended for the plaintiff and her child, by not giving the money to the plaintiff. The second cause of action alleged that the defendant "negligently represented to the [p]laintiff that he [was] her attorney" and that he negligently "drafted a will, deed, and several other documents" to the plaintiff's detriment. The third cause of action did not recite any theory of recovery but simply sought an award of an attorney's fee. The amended complaint also requested punitive damages. The defendant moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7) for failure to state a cause of action and on the ground that a defense was founded upon documentary evidence. The Supreme Court erred in denying the motion.

On a motion to dismiss pursuant to CPLR 3211, the amended complaint is to be afforded a liberal construction. The facts as alleged in the amended complaint are accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Morone v Morone*, 50 NY2d 481, 484 [1980]; *Rochdale Vil. v Zimmerman*, 2 AD3d 827 [2003]). "In assessing a motion under CPLR 3211 (a) (7), however, a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Leon v Martinez, supra* at 88). "[T]he criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Fast Track Funding Corp. v Perrone*, 19 AD3d 362, 362 [2005] [internal quotation marks omitted]).

The documentary proof submitted by the defendant conclusively established, as a matter of law, that he never breached his fiduciary duties to plaintiff in allegedly failing to turn the sum of $297,000 over to the plaintiff. The plaintiff also failed to allege specific facts from which the existence of an attorney-client relationship or privity between the parties could be inferred (*see Conti v Polizzotto*, 243 AD2d 672 [1997]; *Rovello v Klein*, 304 AD2d 638 [2003]). Also, the plaintiff's bare assertion that the defendant negligently represented that he was her attorney and was acting in her best interests was legally insufficient to state a cause of action for negligent misrepresentation or fraud (*see Tarzia v Brookhaven Natl. Lab.*, 247 AD2d 605 [1998]; *Panaga-*

*kos v Oxford Health Plans, Inc.*, 7 AD3d 771 [2004]). Further, the plaintiff did not allege that the defendant had anything to do with the decedent's execution of the allegedly fraudulent deed and will or how she was injured or damaged as a result of this allegedly fraudulent conduct (*see Mosca v Normile*, 277 AD2d 942 [2000]). Lastly, the court should have dismissed the claims for punitive damages and an attorney's fee for failure to state a cause of action (*see Hubbell v Trans World Life Ins. Co. of N.Y.*, 50 NY2d 899, 901 [1980]; *Cross v Zyburo*, 185 AD2d 967, 968 [1992]; *J. G. S., Inc. v Lifetime Cutlery Corp.*, 87 AD2d 810, 810 [1982]). Florio, J.P., Skelos, Fisher and Lunn, JJ., concur.