■ HOWARD M. FREDRIKSEN, Appellant, v MYRNA K. FREDRIKSEN, Defendant, and CONNORS AND SULLIVAN, P.C., et al., Respondents. [817 NYS2d 320]—

In an action, inter alia, to recover damages for legal malpractice and fraud, the plaintiff appeals (1), as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated December 9, 2004, as granted the motion of the defendant Vanchieri & Ferrier, LLP, pursuant to CPLR 3211 to dismiss the amended complaint insofar as asserted against it, and (2), as limited by his brief, from so much of an order of the same court dated January 6, 2005, as granted that branch of the motion of the defendant Connors and Sullivan, P.C., which was pursuant to CPLR 3211 to dismiss the amended complaint insofar as asserted against it.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The plaintiff's mother, Aslaug Fredriksen (hereinafter Aslaug) retained the defendant law firm Connors and Sullivan, P.C. (hereinafter Connors), to assist with her estate planning. Aslaug directed Connors to create a trust to manage her principal asset—her residence—to provide for her needs during her life with the residuary passing equally to the plaintiff and his sister, the defendant Myrna K. Fredriksen (hereinafter Myrna), following her death. Connors drafted a trust instrument designating the plaintiff as a trust beneficiary, and Myrna as trustee as well as a trust beneficiary. Connors also prepared a deed transferring the house to Myrna and reserving a life estate to Aslaug. The deed transferred the house to Myrna individually and not as trustee. Following Aslaug's death, Myrna hired the defendant law firm Vanchieri & Ferrier, LLP (hereinafter Vanchieri), to represent her in selling the house. After the closing, Myrna allegedly kept the sale proceeds.

The plaintiff commenced this action against, among others, Connors and Vanchieri, asserting causes of action sounding in, among other things, fraud and legal malpractice. Connors moved, inter alia, and Vanchieri separately moved pursuant to CPLR 3211 to dismiss the amended complaint insofar as asserted against them on various grounds, including the failure to state a cause of action. The Supreme Court granted Vanchieri's motion and granted that branch of Connors's motion which was to dismiss the complaint insofar as asserted against it. We affirm.

Even affording the amended complaint a liberal construction, accepting the facts alleged therein as true, and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]), the amended

complaint fails to plead specific facts from which the existence of an attorney-client relationship, privity, or a relationship that otherwise closely resembles privity between the plaintiff and either Connors or Vanchieri may be inferred (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 595 [2005]; *Goldfarb v Schwartz*, 26 AD3d 462 [2006]; *Rovello v Klein*, 304 AD2d 638 [2003]; *Conti v Polizzotto*, 243 AD2d 672, 672-673 [1997]; *Estate of Spivey v Pulley*, 138 AD2d 563 [1988]).

Absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties not in privity or near-privity for harm caused by professional negligence (*see Goldfarb v Schwartz, supra; Berkowitz v Fischbein, Badillo, Wagner & Harding*, 7 AD3d 385, 387 [2004]; *Rovello v Klein, supra; Conti v Polizzotto, supra; Viscardi v Lerner*, 125 AD2d 662, 663-664 [1986]). Here, the amended complaint does not contain specific allegations that would place the plaintiff within the ambit of the exception to the privity requirement (*see* CPLR 3016 [b]; *AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., supra* at 595; *Griffin v Anslow*, 17 AD3d 889, 893 [2005]; *see also Scomello v Caronia*, 232 AD2d 625 [1996]; *cf. Stern v Consumer Equities Assoc.*, 160 AD2d 993 [1990]). Among other things, the amended complaint fails to plead evidentiary facts showing that either Conners, in setting up the trust, or Vanchieri, in assisting with the sale of the house, was a participant with Myrna in a common scheme or plan to defraud the plaintiff, or otherwise aided and abetted Myrna in the commission of fraud (*see Agostini v Sobol*, 304 AD2d 395, 395-396 [2003]). Thus, insofar as asserted against Conners and Vanchieri, the amended complaint fails to allege elements essential to a claim of fraud, namely, "misrepresentation of a material fact, falsity, scienter and deception" (*Barclay Arms v Barclay Arms Assoc.*, 74 NY2d 644, 647 [1989]).

Accordingly, the Supreme Court properly dismissed the amended complaint insofar as asserted against Conners and Vanchieri.

The plaintiff's remaining contentions are either not properly before the Court or are without merit. Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.