■ EILEEN BREEN, Respondent, v LAW OFFICE OF BRUCE A. BARKET, P.C., et al., Respondents, and GEORGE R. HECHT, Appellant. [862 NYS2d 50]—

In an action, inter alia, to recover damages for legal malpractice, Gerald Hecht, sued herein as George R. Hecht, appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered December 14, 2007, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of Gerald Hecht, sued herein as George R. Hecht, for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

In settlement of the divorce action between them, the plaintiff and her former husband, George Breen, entered into stipulations which included agreements as to the disposition of two parcels of land in Connecticut jointly owned by the parties, which had been conveyed to them in a single deed. The stipulations provided that George Breen would purchase the plaintiff's interest in one parcel, and that the second parcel would be sold, with the proceeds being divided between the parties. George Breen retained Gerald Hecht, sued herein as George R. Hecht, a Connecticut attorney, to draft a quitclaim deed conveying the first parcel to him. After having her attorney review the deed, the plaintiff signed it. According to the plaintiff, however, the description of the property in the deed drafted by Hecht actually resulted in the conveyance of both parcels to George Breen.

The plaintiff commenced this action against her own attorney, Georgia Skevofilax, and the law firm by which she was employed, the Law Office of Bruce A. Barket, P.C. (hereinafter together the Barket defendants), as well as Hecht. As against Hecht, the complaint asserted causes of action sounding in legal malpractice, breach of contract, and negligent misrepresentation. The Barket defendants asserted a cross claim against Hecht for contribution or indemnification. Hecht moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court denied the motion.

"Absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties not in privity or near-privity for harm caused by professional negligence" (*Fredriksen v Fredriksen*, 30 AD3d 370, 372 [2006]; *see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 595 [2005]). Here, the record establishes that

Hecht, who was retained by George Breen to draft a legal document, was not in privity or near-privity with the plaintiff (*see Fredriksen v Fredriksen*, 30 AD3d at 372; *Goldfarb v Schwartz*, 26 AD3d 462, 463 [2006]; *Rovello v Klein*, 304 AD2d 638 [2003]). Thus, Hecht established his entitlement to summary judgment dismissing the cause of action alleging legal malpractice, and, in opposition, the plaintiff and the Barket defendants failed to raise a triable issue of fact.

Hecht also established his entitlement to summary judgment dismissing the cause of action alleging breach of contract by showing that the plaintiff was not a third-party beneficiary of the alleged retainer agreement between Hecht and George Breen, but rather was, at most, an incidental beneficiary of such an agreement (*see BDG Oceanside, LLC v RAD Term. Corp.*, 14 AD3d 472, 473 [2005]). Any benefit the plaintiff may have derived from the alleged retainer agreement was not "sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [her] if the benefit is lost" (*State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 434-435 [2000]). In opposition, the plaintiff and the Barket defendants failed to raise a triable issue of fact.

The plaintiff and the Barket defendants also failed to raise a triable issue of fact in response to Hecht's prima facie showing of his entitlement to summary judgment dismissing the cause of action alleging negligent misrepresentation. As between Hecht and the plaintiff, there was no "special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff" (*J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]). Moreover, as Hecht asserted in an affidavit, and the plaintiff does not dispute, Hecht never had any contact with the plaintiff, and thus there was no "linking conduct" evincing his understanding of the plaintiff's alleged reliance (*Securities Inv. Protection Corp. v BDO Seidman*, 95 NY2d 702, 711 [2001]; *see Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 553-554 [1985]). Nor did the quitclaim deed constitute a representation made by Hecht to the plaintiff (*cf. Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377). Furthermore, neither the plaintiff nor the Barket defendants could have justifiably relied on whatever representation the deed may have contained (*see Verschell v Pike*, 85 AD2d 690, 691 [1981]). Any such reliance by the Barket defendants would have been particularly unreasonable, since the plaintiff herself discovered the alleged error in the deed and brought it to her attorney's attention, but was advised by the attorney to sign the deed nonetheless.

Hecht also established his entitlement to summary judgment dismissing the Barket defendants' cross claim against him seeking contribution or indemnification. Hecht demonstrated that the Barket defendants were not entitled to contribution by showing that he neither owed a duty to the plaintiff (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 568 n 5 [1987]; *Smith v Sapienza*, 52 NY2d 82, 87 [1981]), nor owed an independent duty to the Barket defendants (*see Raquet v Braun*, 90 NY2d 177, 182 [1997]; *Garrett v Holiday Inns*, 58 NY2d 253, 258-261 [1983]; *Nolechek v Gesuale*, 46 NY2d 332, 338-341 [1978]). Because Hecht owed no duty to the Barket defendants, they also were not entitled to indemnification (*see Raquet v Braun*, 90 NY2d at 183). In opposition, the Barket defendants failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted Hecht's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

The respondents' remaining contentions are without merit. Prudenti, P.J., Skelos, Covello and Balkin, JJ., concur.