■ FAHMI ARANKI et al., Appellants, v GOLDMAN & ASSOCIATES, LLP, et al., Respondents. [944 NYS2d 904]—

In an action, inter alia, to recover damages for legal malpractice and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Sher, J.), dated March 22, 2010, which granted the defendants' motion for summary judgment dismissing the causes of action to recover damages for legal malpractice and breach of fiduciary duty.

Ordered that the order is affirmed, with costs.

"Absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties not in privity or near-privity for harm caused by professional negligence" (*Fredriksen v Fredriksen*, 30 AD3d 370, 372 [2006]; *see*

*AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 595 [2005]). Here, the defendants established that they did not collude with the majority members of Millennium Alliance Group, LLC (hereinafter MAG), inter alia, to freeze the plaintiffs out of MAG's management and profit sharing and force them to surrender, at a reduced price, their minority membership interest in MAG. Thus, the defendants established their entitlement to judgment as a matter of law dismissing the cause of action alleging legal malpractice. In opposition, the plaintiffs failed to raise a triable issue of fact.

The defendants also established their entitlement to judgment as a matter of law dismissing the cause of action alleging breach of fiduciary duty by showing that they did not knowingly induce the majority members of MAG to breach their fiduciary duty to the plaintiffs (*see Kaufman v Cohen*, 307 AD2d 113, 125 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the causes of action to recover damages for legal malpractice and breach of fiduciary duty. Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.