*737 In an action, inter alia, to recover damages for negligence and fraud, the defendant Agins, Siegel, Reiner & Bouklas, LLR appeals from an order of the Supreme Court, Queens County (Butler, J.), entered February 1, 2011, which denied that branch of its motion which was for summary judgment dismissing the third and fourth causes of action.
Ordered that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Agins, Siegel, Reiner & Bouklas, LLR which was for summary judgment dismissing the third and fourth causes of action is granted.
In 2006, the plaintiffs purportedly conveyed, by deed, certain real property to the defendant 513 Woodward Avenue Realty, LLC (hereinafter Woodward). Woodward, as borrower, obtained a loan secured by a mortgage on the property from the defendant 542 A Realty, LLC (hereinafter A Realty). The defendant law firm, Agins, Siegel, Reiner, & Bouklas, LLP (hereinafter the law firm), represented A Realty at the closing on the mortgage loan.
Thereafter, the plaintiffs commenced this action against the law firm, among others, to recover damages for, inter alia, negligence and fraud. As pertinent here, the complaint alleged that the plaintiffs never conveyed their property to Woodward, and were unaware of the closing on the mortgage loan. In addition, the complaint alleged that the law firm participated in the mortgage closing despite the fact that Woodward did not have title to the subject property on the date of closing. The third cause of action alleged negligence against the law firm, while the fourth cause of action alleged fraud against the law firm. In the order appealed from, the Supreme Court denied that branch of the law firm’s motion which was for summary judgment dismissing the third and fourth causes of action.
The law firm established, prima facie, its entitlement to judgment as a matter of law dismissing the third and fourth causes of action. In this regard, the law firm submitted evidence demonstrating that it was not in privity with the plaintiffs with respect to the subject transactions. “In New York, a third party, without privity, cannot maintain a claim against an attorney in professional negligence, ‘absent fraud, collusion, malicious acts or other special circumstances’ ” {Estate of Schneider v Finmann, 15 NY3d 306, 308-309 [2010], quoting Estate of Spivey v Pulley, 138 AD2d 563, 564 [1988]; see Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, 80 NY2d 377, 382 [1992]; Breen v Law Off. of Bruce A. Barket, P.C., 52 *738 AD3d 635 [2008]). Accordingly, the law firm established its entitlement to judgment as a matter of law dismissing the negligence cause of action. Moreover, the law firm submitted evidence demonstrating that it made no material misrepresentations to the plaintiffs (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]), thus establishing its entitlement to judgment as a matter of law dismissing the fraud cause of action. In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Therefore, the Supreme Court should have granted that branch of the law firm’s motion which was for summary judgment dismissing the third and fourth causes of action.
We do not reach the law firm’s contention concerning that branch of its motion which was for, inter alia, an award of costs pursuant to 22 NYCRR 130-1.1, as that branch of the motion was not addressed by the Supreme Court in the order appealed from.
Dillon, J.E, Angiolillo, Leventhal and Sgroi, JJ., concur.