■ Frank DeMartino et al., Appellants, v Paul Golden, Esq., et al., Respondents. [52 NYS3d 892]—

In an action to recover damages for legal malpractice, breach of fiduciary duty, and abuse of process, the plaintiffs appeal from an order of the Supreme Court, Kings County (Toussaint, J.), dated October 29, 2014, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint, and denied their cross motion to deem the summons and complaint to have been adopted by counsel the plaintiffs retained after the summons and complaint were filed and served or for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted by the plaintiffs DeMartino Building Co., Inc., and 150 Centreville, LLC, and denied that branch of the plaintiffs' cross motion which was to

deem the summons and complaint to have been adopted by counsel they retained after the summons and complaint were filed and served. A corporation and limited liability company must be represented by an attorney and cannot proceed pro se (*see* CPLR 321 [a]; *Boente v Peter C. Kurth Off. of Architecture & Planning, P.C.*, 113 AD3d 803 [2014]; *Michael Reilly Design, Inc. v Houraney*, 40 AD3d 592 [2007]). Here, DeMartino Building Co., Inc., and 150 Centreville, LLC, did not appear by an attorney when the summons and complaint were filed and served. Accordingly, the complaint, insofar as asserted by them, was a nullity, and the action as to them was improperly commenced (*see Hilton Apothecary v State of New York*, 89 NY2d 1024 [1997]; *Boente v Peter C. Kurth Off. of Architecture & Planning, P.C.*, 113 AD3d 803 [2014]; *Cinderella Holding Corp. v Calvert Ins. Co.*, 265 AD2d 444 [1999]).

The Supreme Court also properly granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by the plaintiff Frank DeMartino. "Absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties not in privity or near-privity for harm caused by professional negligence" (*Fredriksen v Fredriksen*, 30 AD3d 370, 372 [2006]; *see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 595 [2005]). Affording the complaint a liberal construction, accepting the facts alleged therein as true, and according DeMartino the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the complaint fails to plead specific facts from which it can be inferred that DeMartino was in an attorney-client or fiduciary relationship, privity, or a relationship that otherwise closely resembles privity with the defendants, who were retained to represent DeMartino Building Co., Inc., and 150 Centerville, LLC, in the underlying action. Accordingly, the court properly directed dismissal pursuant to CPLR 3211 (a) (7) of the causes of action alleging legal malpractice and breach of fiduciary duty insofar as asserted by DeMartino (*see Fredriksen v Fredriksen*, 30 AD3d at 371; *Conti v Polizzotto*, 243 AD2d 672, 673 [1997]).

The essential elements of a cause of action sounding in abuse of process are: "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (*Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). Here, the Supreme Court properly directed dismissal pursuant to CPLR 3211 (a) (7) of the cause of action alleging abuse of process insofar as asserted by DeMartino, as the facts

alleged in the complaint failed to describe conduct on the defendants' behalf constituting the second and third elements of a cause of action alleging abuse of process.

The Supreme Court also providently exercised its discretion in denying that branch of the plaintiffs' cross motion which was for leave to amend the complaint. Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (*see* CPLR 3025 [b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit (*see Scofield v DeGroodt*, 54 AD3d 1017, 1018 [2008]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). "Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (*Pergament v Roach*, 41 AD3d 569, 572 [2007]; *see Zeleznik v MSI Constr., Inc.*, 50 AD3d 1024, 1025 [2008]). Here, the proposed amendments were palpably insufficient. Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.