Appeals from an order of the Supreme Court, Kings County (Arthur M. Schack, J.), dated June 22, 2015. The order denied, without prejudice and with leave to renew upon the completion of discovery, the motion of the defendants Gary Tsirelman and the Law Office of Gary Tsirelman, P.C., pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and the separate motion of the defendants Leon Kucherovsky and the Law Office of Leon Kucherovsky, P.C., pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them or, in the alternative, pursuant to CPLR 603 to sever the action insofar as asserted against them from the remainder of the action.
 

 Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying, without prejudice, those branches of the defendants’ separate motions which were pursuant to CPLR 3211 (a) to dismiss the unjust enrichment cause of action insofar as asserted against each of them, and substituting therefor provisions granting those branches of the motions, and (2) by deleting the provisions thereof denying, without prejudice, those branches of the motion of the defendants Leon Kucherovsky and the Law Office of Leon Kucherov-sky, P.C., which were pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against the defendant the Law Office of Leon Kucherovsky, PC., and to dismiss the complaint insofar as asserted against the defendant Leon Kucherovsky by the plaintiff Yevgeny Gorbatov, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
 

 The plaintiff Yevgeny Gorbatov is a licensed acupuncturist and the principal of the six corporate plaintiffs. The defendants Gary Tsirelman and the Law Office of Gary Tsirelman, PC. (hereinafter together the Tsirelman defendants), and Leon Kucherovsky and the Law Office of Leon Kucherovsky, PC. (hereinafter together the Kucherovsky defendants), are attorneys who represented some or all of the plaintiffs in hundreds of matters involving the collection of unpaid medical bills from insurers. The plaintiffs commenced this action against the defendants asserting causes of action to recover damages for legal malpractice, violation of Judiciary Law § 487, and unjust enrichment, and seeking accountings. The Tsirel-man defendants and the Kucherovsky defendants separately moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them. In the alternative, the Kucherovsky defendants sought severance of the action insofar as asserted against them pursuant to CPLR 603. The Supreme Court denied the motions without prejudice and with leave to renew upon the completion of discovery, pursuant to CPLR 3211 (d). The Tsirelman defendants and the Kucherovsky defendants separately appeal.
 

 On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672 [2014]). “Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss” (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38 [2006]; see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
 

 A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only where the documentary evidence utterly refutes the complaint’s factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Cavaliere v 1515 Broadway Fee Owner, LLC, 150 AD3d 1190, 1191 [2017]).
 

 Contrary to the defendants’ contentions, the Supreme Court properly denied, without prejudice to renew upon the conclusion of discovery, those branches of their motions which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the legal malpractice and Judiciary Law § 487 causes of action. To plead a claim for legal malpractice, a plaintiff must allege (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney’s breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages (see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015]). “An attorney’s conduct or inaction is the proximate cause of a plaintiff’s damages if ‘but for’ the attorney’s negligence the plaintiff would have succeeded on the merits of the underlying action, or would not have sustained actual and ascertainable damages” (id. at 50 [internal quotation marks and citation omitted]; see Dombrowski v Bulson, 19 NY3d 347, 350 [2012]; AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434 [2007]). Under Judiciary Law § 487, an attorney who “[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or . . . [w]ilfully delays his client’s suit with a view to his own gain; or, wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for, [i]s guilty of a misdemeanor, and [is liable for] treble damages, to be recovered in a civil action” (Judiciary Law § 487; see Amalfitano v Rosenberg, 12 NY3d 8, 14 [2009]). “Allegations regarding an act of deceit or intent to deceive must be stated with particularity” (Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615 [2015]; see Putnam County Temple & Jewish Ctr., Inc. v Rhinebeck Sav. Bank, 87 AD3d 1118, 1120 [2011]). “[V]iolation of Judiciary Law § 487 requires an intent to deceive, whereas a legal malpractice claim is based on negligent conduct” (Moormann v Perini & Hoerger, 65 AD3d 1106, 1108 [2009] [citation omitted]).
 

 Here, the complaint, as amplified by the plaintiffs’ submissions in opposition to the defendants’ motions (see Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 52 [2016]), alleged that the defendants conspired with the plaintiffs’ billing agent, nonparty Gary Shikman and his company the Denium Group, to convert funds received from insurers in recovery of the plaintiffs’ claims, or violated their duties to ensure that the plaintiffs received the funds, resulting in the plaintiffs incurring losses of those funds, and otherwise improperly handled the plaintiffs’ claims. These allegations generally state causes of action sounding in legal malpractice (see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d at 49; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [4]), and violation of Judiciary Law § 487 (see Melcher v Greenberg Traurig, LLP, 23 NY3d 10, 14 [2014]; cf. Gumarova v Law Offs. of Paul A. Boronow, P.C., 129 AD3d 911, 912 [2015]). Further, the affidavits, letters, and spreadsheets submitted by the defendants in support of their motions did not constitute documentary evidence pursuant to CPLR 3211 (a) (1) (see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714 [2012]; Berger v Temple Beth-El of Great Neck, 303 AD2d 346, 347 [2003]), and, in any event, did not conclusively establish a lack of legal malpractice or deception. To the extent that the plaintiffs’ allegations are insufficiently specific to each legal matter or particularized, the plaintiffs set forth a reasonable basis to believe that, with additional discovery, they would be able to develop sufficient facts to make more specific allegations (see Lemle v Lemle, 92 AD3d 494, 499-500 [2012]). Facts essential to the opposition of the motions were in the possession of the defendants, warranting denial of these branches of the motions without prejudice and with leave to renew upon the completion of discovery (see CPLR 3211 [d]; Peterson v Spartan Indus., 33 NY2d 463, 466 [1974]; Giunta’s Meat Farms, Inc. v Pina Constr. Corp., 89 AD3d 799, 800 [2011]).
 

 Further, the Supreme Court properly denied, with leave to renew upon the completion of discovery, those branches of the motions which were to dismiss the accounting causes of action on the grounds that they were academic or duplicative of the other causes of action (see McDonald v Edelman & Edelman, P.C., 118 AD3d 562, 562 [2014]; cf. Boyle v Local 237 Teamsters-Town of Islip Health & Welfare Fund, 2017 NY Slip Op 30332[U], *14 [Sup Ct, NY County 2017]).
 

 However, the Supreme Court should have granted those branches of the motions which were to dismiss the unjust enrichment cause of action as duplicative of the other causes of action (see Blanco v Polanco, 116 AD3d 892, 897 [2014]; Town of Wallkill v Rosenstein, 40 AD3d 972, 974 [2007]), and as barred insofar as asserted against Kucherovsky due to the written retainer agreements between him and the corporate plaintiffs (see Scarola Ellis LLP v Padeh, 116 AD3d 609, 611 [2014]; Englert v Schaffer, 61 AD3d 1362, 1363 [2009]).
 

 The Supreme Court further should have granted those branches of the Kucherovsky defendants’ motion which were to dismiss the complaint insofar as asserted against the “Law Office of Leon Kucherovsky, P.C.,” as they demonstrated that that entity does not exist (see Haire v Bonelli, 57 AD3d 1354, 1357 [2008]), and insofar as asserted against Kucherovsky by Gorbatov individually. “Absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties not in privity or near-privity for harm caused by professional negligence” (Fredriksen v Fredriksen, 30 AD3d 370, 372 [2006]; see Estate of Schneider v Finmann, 15 NY3d 306, 308-309 [2010]; AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 595 [2005]; Rhodes v Honigman, 131 AD3d 1151, 1152 [2015]). Further, a Judiciary Law § 487 cause of action requires that the alleged deceit occurred during a judicial proceeding in which the plaintiff was a party (see Beshara v Little, 215 AD2d 823 [1995]; Bankers Trust Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro, 187 AD2d 384, 386 [1992]). Here, the retainer agreements submitted by the Kucherovsky defendants conclusively established that Kuch-erovsky did not represent Gorbatov individually (see CPLR 3211 [a] [1]; DeMartino v Golden, 150 AD3d 1200, 1201 [2017]). Further, although the complaint alleges fraud and collusion, the damages alleged were incurred only by the clients represented by the defendants (see Rogers v Ciprian, 26 AD3d 1, 6 [2005]; Matter of Spear, Leeds & Kellogg v Bullseye Sec., 291 AD2d 255, 256 [2002]; cf. Ginsburg Dev. Cos., LLC v Carbone, 85 AD3d 1110 [2011]). Although Tsirelman submitted an affirmation stating that he only represented some of the plaintiffs, he did not submit any documentary evidence conclusively establishing that fact (see Berger v Temple Beth-El of Great Neck, 303 AD2d 346, 347 [2003]), and thus, the court properly declined to dismiss, at this juncture, the complaint against him insofar as asserted by any of the plaintiffs.
 

 Contrary to the Kucherovsky defendants’ contention, the Supreme Court did not err in denying that branch of their motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (10) for failure to name nonparties Shikman and the Denium Group as defendants, as joint tortfeasors are not necessary parties (see CPLR 1001 [a]; Hecht v City of New York, 60 NY2d 57, 62 [1983]; Sandiford v Kahn, 84 AD3d 1209, 1210 [2011]; Ferriola v DiMarzio, 83 AD3d 657, 658 [2011]; Wolstencroft v Sassower, 124 AD2d 582, 583 [1986]).
 

 Finally, the Supreme Court providently exercised its discretion in denying, without prejudice and with leave to renew upon the completion of discovery, the Kucherovsky defendants’ alternative request to sever the action insofar as asserted against them from the remainder of the action (see CPLR 603; Sumi Chuang Yeh v Leonardo, 134 AD3d 695, 696 [2015]).
 

 The parties’ references in their briefs to matters that are dehors the record have not been considered by this Court in its determination of the appeals (see Matter of Ishakis v Lieberman, 150 AD3d 1114, 1115 [2017]).
 

 Dillon, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.