Hinnant v Carrington Mtge. Servs., LLC (2019 NY Slip Op 03575)





Hinnant v Carrington Mtge. Servs., LLC


2019 NY Slip Op 03575


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2016-13252
 (Index No. 3066/16)

[*1]Leatrice Hinnant, et al., respondents, 
v
Carrington Mortgage Services, LLC, et al., defendants, Jeffrey Leavitt, etc., appellant.


Traub Lieberman Straus & Shrewsberry, LLP, Hawthorne, NY (J. Patrick Carley III of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendant Jeffrey Leavitt appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated October 28, 2016. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Jeffrey Leavitt pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him is granted.
In March 2015, the plaintiffs executed a consolidated note in favor of the defendant Carrington Mortgage Services, LLC (hereinafter Carrington), in the sum of $715,533, which was secured by a consolidated mortgage on the plaintiffs' property in Brooklyn. In March 2016, the plaintiffs commenced this action against, among others, the defendant Jeffrey Leavitt, the settlement agent for Carrington, seeking to recover damages for fraud and professional negligence. The plaintiffs alleged that while the consolidated note stated that their monthly mortgage payment would be $3,364.70, their monthly mortgage payment was, in fact, approximately $4,500. The plaintiffs alleged, among other things, that Leavitt ignored the fact that "the monthly mortgage payments expected from the Plaintiffs [were] not consistent with the principal as it appeared on the initial monthly mortgage obligation and the subsequent . . . Consolidated Agreement," and that Leavitt failed to point out these inconsistencies to the plaintiffs. Leavitt moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him. The Supreme Court denied Leavitt's motion, and Leavitt appeals.
On a motion pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 88; Sokol v Leader, 74 AD3d 1180, 1181). "When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see E & D Group, LLC v Vialet, 134 AD3d 981, 982). A motion to [*2]dismiss pursuant to CPLR 3211(a)(1) on the ground that the action is barred by documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d at 88).
Absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties not in privity, or near-privity, for harm caused by professional negligence (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 595; Fredriksen v Fredriksen, 30 AD3d 370, 372; Rovello v Klein, 304 AD2d 638; Conti v Polizzotto, 243 AD2d 672). Here, even accepting the facts alleged in the complaint as true, the complaint fails to allege the existence of an attorney-client relationship, privity, or a relationship that otherwise closely resembles privity between the plaintiffs and Leavitt (see DeMartino v Golden, 150 AD3d 1200, 1201; Fredriksen v Fredriksen, 30 AD3d at 371-372; Goldfarb v Schwartz, 26 AD3d 462, 463; Rovello v Klein, 304 AD2d at 638-639). Furthermore, the complaint does not contain specific allegations that would place the plaintiffs within an exception to the privity requirement (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d at 595; Fredriksen v Fredriksen, 30 AD3d at 372). The complaint fails to set forth evidentiary facts demonstrating that Leavitt was a participant with Carrington in a common scheme or plan to defraud the plaintiffs, or otherwise aided and abetted Carrington in the commission of fraud (see Fredriksen v Fredriksen, 30 AD3d at 372; Goldfarb v Schwartz, 26 AD3d at 463-464).
Furthermore, the documentary evidence submitted by Leavitt in support his motion utterly refuted the plaintiffs' factual allegations, and conclusively established a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326). Specifically, Leavitt submitted an acknowledgment dated March 14, 2015, signed by the plaintiffs in connection with the consolidated mortgage transaction, which stated: "The undersigned further acknowledge that Jeffrey H. Leavitt, Esq., P.C. represents the Lender in this transaction, that the parties have not been given nor are relying on any legal advice given by Jeffrey Leavitt, Esq. and that no attorney/client relationship exists between the Borrowers and Jeffrey H. Leavitt, Esq., P.C." Additionally, Leavitt submitted, among other things, the consolidated note and consolidated mortgage, which both stated that the monthly payment of principal and interest, in the amount of $3,364.70, would be just part of a larger monthly payment required by the security instrument, which would include taxes, insurance, and other charges.
Accordingly, the Supreme Court should have granted Leavitt's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court