Templeton v Roach (2024 NY Slip Op 03196)

Templeton v Roach

2024 NY Slip Op 03196

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-06190
 (Index No. 58153/21)

[*1]Adam Templeton, appellant, 
v
Matthew N.L. Roach, et al., respondents, et al., defendant.

Charles Wallshein Esq. PLLC, Melville, NY (Charles Marino of counsel), for appellant.
Furman Kornfeld & Brennan LLP, New York, NY (Andrew R. Jones of counsel), for respondents Matthew N.L. Roach and Law Offices of Matthew N.L. Roach, P.C.
Kaufman Dolowich Voluck, LLP, Woodbury, NY (Jonathan B. Isaacson of counsel), for respondents Steinvurzel & Levy Law Group and Alexander M. Levy.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated June 28, 2022. The order granted the separate motions of the defendants Matthew N.L. Roach and Law Offices of Matthew N.L. Roach, P.C., and the defendants Steinvurzel & Levy Law Group and Alexander M. Levy pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them, and denied the plaintiff's cross-motion for leave to file a second amended complaint.
ORDERED that the order is affirmed, with one bill of costs.
The defendant J M & R Funding, LLC (hereinafter J M & R Funding), originated a loan to nonparty Paulette Atkinson-Fuller, which was secured by a mortgage on certain real property located in Laurelton. The loan was funded by the plaintiff and serviced by J M & R Funding. After Atkinson-Fuller defaulted on the loan, J M & R Funding retained the defendant Law Offices of Matthew N.L. Roach, P.C. (hereinafter the Roach firm), to commence an action to foreclose the mortgage. J M & R Funding subsequently retained the defendant Steinvurzel & Levy Law Group (hereinafter the Steinvurzel firm) on an "of counsel" basis in the foreclosure action. In an order dated July 22, 2019, upon the failure of J M & R Funding's counsel and process server to appear for a hearing to determine the validity of service of process, the Supreme Court determined that the foreclosure action must be dismissed for lack of personal jurisdiction.
The plaintiff subsequently commenced this action, inter alia, to recover damages for legal malpractice against the Roach firm and the defendant Matthew N.L. Roach (hereinafter together the Roach defendants), the Steinvurzel firm and the defendant Alexander M. Levy (hereinafter together the Steinvurzel defendants), and J M & R Funding. The plaintiff alleged, among other things, that the foreclosure action was dismissed as a result of the negligence of the Roach defendants and the Steinvurzel defendants. The Roach defendants and the Steinvurzel [*2]defendants separately moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them. The plaintiff cross-moved for leave to file a second amended complaint. In an order dated June 28, 2022, the Supreme Court granted the separate motions of the Roach defendants and the Steinvurzel defendants and denied the plaintiff's cross-motion. The plaintiff appeals.
In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the court must "'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Nonnon v City of New York, 9 NY3d 825, 827, quoting Leon v Martinez, 84 NY2d 83, 87-88).
In order to maintain a cause of action to recover damages for legal malpractice, the plaintiff must plead the existence of an attorney-client relationship (see Lombardi v Lombardi, 127 AD3d 1038, 1042). Although "an attorney-client relationship does not depend [upon] the existence of a formal retainer agreement" (Moran v Hurst, 32 AD3d 909, 911; see Ripa v Petrosyants, 203 AD3d 770, 772), the plaintiff must plead facts showing "either actual privity of contract between the parties or a relationship so close as to approach that of privity" (State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434 [internal quotation marks omitted]; see Prudential Ins. Co. of Am. v Dewey Ballantine, Bushby, Palmer & Wood, 80 NY2d 377, 382). "'Absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties not in privity or near-privity for harm caused by professional negligence'" (Gorbatov v Tsirelman, 155 AD3d 836, 840, quoting Fredriksen v Fredriksen, 30 AD3d 370, 372).
Here, affording the amended complaint a liberal construction, accepting the facts alleged therein as true, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87-88), the amended complaint failed to plead specific facts from which it could be inferred that the plaintiff was in an attorney-client relationship, privity, or a relationship that otherwise closely resembles privity with the Roach defendants or the Steinvurzel defendants, who were retained to represent J M & R Funding in the foreclosure action (see DeMartino v Golden, 150 AD3d 1200, 1201; Fredriksen v Fredriksen, 30 AD3d at 371-372). Moreover, the amended complaint did not contain specific allegations that would place the plaintiff within an exception to the privity requirement (see Hinnant v Carrington Mtge. Servs., LLC, 172 AD3d 827, 829). Contrary to the plaintiff's contention, the doctrine of "near privity" is limited to claims alleging negligent misrepresentation, and here, the plaintiff failed to allege that the Roach defendants or the Steinvurzel defendants made any misrepresentations upon which the plaintiff relied (see Century Prop. & Cas. Ins. Corp. v McManus & Richter, P.C., 226 AD3d 1, 6; Innovative Risk Mgt., Inc. v Morris Duffy Alonso & Faley, 204 AD3d 518, 518). Rather, the amended complaint set forth a legal malpractice cause of action based upon those defendants' alleged breach of duty to J M & R Funding (see Federal Ins. Co. v North Am. Specialty Ins. Co., 47 AD3d 52, 62). Accordingly, the Supreme Court properly granted the separate motions of the Roach defendants and the Steinvurzel defendants pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them.
Furthermore, the Supreme Court providently exercised its discretion in denying the plaintiff's cross-motion for leave to file a second amended complaint (see Cedarwood Assoc., LLC v County of Nassau, 211 AD3d 799, 800; Lewis v Pierce Bainbridge Beck Price & Hecht LLP, 205 AD3d 618, 618).
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court